# IN THE UNITED STATE DIETRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Ralph Cabrera )
Reina M Cabrera )
**Plaintiff** )

07cv6924
JUDGE LEFKOW
MAG. JUDGE COX

**V.**

City of Chicago Corporation Counsel
Mara S Georges )
Myriam Zreczny Kasper )
Benna Ruth Solomon )
Brian L Crowe )
Torrick Ward )
Demetris Kare )
Joe  Romano )
Scott Sachnoff )
Suite 800 )          **JUDGE:** _____
30 North La Salle Street )
Chicago, Illinois 60602 )
 )
Baker, Miller, Mark off & Krasny )
29 N, Wacker Drive, 5th floor )          **FILED**
Chicago, IL 60606 )
 )          J N   DEC 1 0 2007
Officer Case Czynowski #13089 )
COOK COUNTY Sheriff Department )          MICHAEL W. DOBBINS
50 W Washington, room 701 )          CLERK, U.S. DISTRICT COURT
Chicago, IL 60606 )
 )
 Assoc Judge Ann Houser )
Assoc Judge Tomas M Donnelly )
 Judge David B Atkins )
 Clerk of the Circuit Court )
 50 W Washington. Room 602 )
 Richard J Daley Center )
Chicago, IL  60602 )
**Defendant** )
 )

# COMPLAINT

Now come the Plaintiffs Ralph Cabrera and his wife Reina M. Cabrera and for his complaint against Defendants named above, all individually and in their official capacities, and in the City of Chicago and Cook County, State of Illinois. States the follows:

## INTRODUCTION

This is an action for the willful and wanton negligent conduct which resulted in violations of the Plaintiffs' Civil rights pursuant to 42 USCS § 1983, 42 USCS § 1985 and violation under the RICO ACT 18 USCS § 1341 and mail fraud pursuant to 18 USCS § 1343, 18 USCS § 1961(A) and state law claim of malicious prosecution, all in violation of Plaintiffs' rights granted under the Federal and State of Illinois Constitution.

## JURISDICTION

2.     Because the Plaintiffs ( Cabrera's) claim are based upon violations of federal law, this Court has subject matter jurisdiction pursuant to 28 USC. Section 1331; Section 1343(a) (1) (2) (3) and (4).  This Court further has jurisdiction over the State Court based upon its pendent jurisdiction pursuant to 28 USC 1367(a). 42 U.S.C. 1983

## VENUE

3.     Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 USC, Section 1391(b), because a substantial part of the events gave rise to the claims Occurred in this district. Further, venue is proper pursuant 28 U.S.C.  1391 (b) and ( c), because City of Chicago is otherwise subject to jurisdiction in this district.

## PARTIES

4.     Plaintiff Ralph Cabrera (hereinafter  Plaintiff A ) is an individual residing in State of Illinois at all time relevant to this complaint and resides in Cook County City of Chicago.

5.     Plaintiff Reina M Cabrera (hereinafter  Plaintiff B ) is an individual residing in State of Illinois at all time relevant to this complaint and resides in Cook County City of Chicago.

6.     The City of Chicago is a municipal corporation operating within the geographic boundaries of Cook County, Illinois, in this judicial district.

7.     The Cook County Sheriff Department is a municipal subdivision of the state of Illinois and operating within the geographic boundaries of Cook County, State of Illinois.

8.      At all relevant times, Ms. Mara S. Georges was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

9.      At all relevant times, Ms. Myriam Zreczny Kasper was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

10.     At all relevant times, Ms. Benna Ruth Solomon was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

11.     At all relevant times, Mr. Brian L Crowe was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

12.     At all relevant times, Mr. Torrick Ward was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

13.     At all relevant times, Mr. Demetris Kare was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

14.     At all relevant times, Mr. Joe Romano was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

15.     At all relevant times, Mr. Scott Sachnoff was employed as an attorney by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

16.     At all relevant times, Baker, Miller, Mark off &Krasny was employed as attorneys by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

17.     At all relevant times, Mr. Case Czynowski was employed as a sheriff by The Cook County Sheriff Department a municipal subdivision of the state of Illinois, through Court Services Department by the City of Chicago Corporation Counsel and was a resident of the State of Illinois.

17. (A)     At all relevant times, Judge David B Atkins was employed by the Circuit Court of Cook County, and was resident of the State of Illinois.

17. (B)     At all relevant times, Assoc Judge Tomas M Donnelly was employed by the Circuit Court of Cook County, and was resident of the State of Illinois.

17. (C)     At all relevant times, Assoc Judge Ann Houser was employed by the Circuit Court of Cook County, and was resident of the State of Illinois.

## FACTUAL ALLEGATIONS

18.    On February 2, 1999, a Lead Abatement Summons was issued for the amount claimed $8,400. Dollars by the Department of Public Health and was submitted to the city of Chicago corporation counsel Attorneys Brian L Crowe, Torrick Ward / Demetris Kare Attorneys Assistant Corporation Counsel for the Plaintiff City of Chicago Municipal Corporation. (See EXHIBIT (1)).

19.    On or about August 5, 2005. (Plaintiff (B) Reina m Cabrera) noticed a misc. deduction on her pay check stub for the amount of $372.20. Dollars. (See EXHIBIT (2). The plaintiff (B) quickly contacted her employer and requested they send her any information received regarding this wage deduction. Her employer stated that they had received an AFFIDAVIT FOR WAGE DEDUCTION ORDER by way of First Class Mail for the amount of $50,000. Dollars On August 5, 2005 and another which was different from the first enforcement of judgment order, On August 09 2005 for the amount of $76,824.31 (see EXHIBIT (3)). Cite: Armstrong V. US (1933ch 10 nm) 65 F2d 853.

20.    On or about October 20, 2005. (Plaintiff (A) Mr, Cabrera) arrived at his Bank ( CORUS BANK at 3959 N Lincoln ave, Chicago, IL 60613). To deposit his weekly earnings to find that his business accounts, his children (Cristina (13) Raphael (8) and Adrian (7) ) savings account and family checking account were closed and all money was removed.

21.    Shortly thereafter, Plaintiff (A) (then Defendant) contacted his bank by phone. Corus Bank stated that they had received the Citation to Discover Assets and Turnover order by way of first Class Mail. On or about October 20 2005. (CORSE BANK) sent the Plaintiffs a copy of the Citation to Discover Assets and a TURNOVER ORDER, with copy of the cashier's check enclosed. (See EXHIBIT 4, 5, 6, 7.). Cite: Armstrong V. US (1933ch 10 nm) 65 F2d 853.

22.    Soon after the Plaintiffs went to City Hall and copied all Documents pertaining to the Case # 99 m1 400655.

23.    On or about October12, 2005, the Plaintiffs (at that time "Defendants") filed a motion to set aside the judgment stating that they did not own the property at that time and that they were not served with a summons or complaint. The hearing date was set for January 11, 2006.

24.    On January 11, 2006. Joe Romano, attorney corporation counsel, stood next to Sheriff Case Czynowski, as Sheriff Case Czynowski testified under oath that he served the Plaintiff (A) with the summons and complaint (at that time Defendant) personally at 3302 W Schubert. On June 28, 1999 at 1:45 pm and filed an affidavit on June 30, 1999 verifying his testimony. (See EXHIBIT 8).

25.    The Plaintiff (A) ( at that time Defendant ) had found only one document that may have vacated the judgment, although it was too late to submit through the court, the plaintiff tried to submit the document in open court ( see EXHIBIT 9 ) Judge David B. Atkins refused to view the document, although the Plaintiff had several copies.

26.    Judge David B. Atkins ordered that the motion to vacate the judgment entered 7-19-1999 in the amount of $50,000 dollars be denied. (See EXHIBIT 10).

27.    The Plaintiffs ( at that time Defendant ) filed a notice of appeal on February  21  2006 and on March 16, 2006 filed an emergency motion to accelerate appeal and motion for temporary injunction to stop wage garnishment the motion was denied.

28.    The Plaintiffs (at that time Defendant) lost their appeal for lack of Jurisdiction when Myriam Z Kasper and Benna R Solomon filed their response to the plaintiff emergency motion to accelerate appeal and temporary injunction to stop the wage Garnishment. (Exhibit 10 (A).

29.    On or about May 25, 2006. The plaintiff (A) traveled to Rolling Meadows (Exhibit 12 A) and presented the documents (Exhibits 11, 12) to Judge Samuel J Betar, III.  Judge Betar, III, stated that he only signs completed forms. Upon further analysis found that the person that filled out the form used a felt tip pen which was heavier than the judge used.  He used a ballpoint pen.(Exhibit 12).

30.    Since that time the Plaintiff A, has develop several brain tumor and had to be treated with radiation and chemotherapy and that the contributory cause was more likely than not due to the amount of stress place upon him by the Defendants listed above.

## The ARGUMENT

31.    The lead claimed amount by the Department of Public Health was for **$8,400. Dollars,** which was listed on the **February 02 1999**. LEAD, SUMMONS. In addition, was submitted to the Corporation Counsel Attorney Brian L Crowe, Torrick Ward and Demetris Kare. (see EXHIBIT 1).

### COUNT 1

32.    on July 19 1999. Mara S Georges changed the amount of the claim (Violating the FRCP Rule54(c) and RULE 271 ,272, 720 ILCS 250/2.07) (42 U.S.C. § 1985 (3)), disregarding her legal duty one owes to others, submitted the false documents to the court and was granted an order for lead paint abatement  having a EX - PARTE judgment entered against the said Plaintiffs( at that time defendants) in the amount of $50,000 dollars. By judge Samuel J Betar III. She knowingly and willfully falsified Documents, pursuant to 18 USCS § 1001 (see EXHIBITS 11). (Violating 735 ILCS 5/2-1303), RULE3.3 (1), (4), (5), (7) and RULE 3.4(1), (2). RULE 8.4.720 ILCS 5/4-4-5-6-7. 720 ILCS 5/33-3(a), (b), ( c ), (d).

## COUNT 3

33.    If the claim for lead abatement was for $8,400. Dollars plus interest at 9% pursuant to (735 ILCS 5/2 - 1303) annually, divided by 12 months, equals only $63.00. Dollars per month in interest the total amount of interest to be paid over five months from the date of claims listed as February 02 1999 to the date of enforcement of judgment was entered into court July 19 1999 equals only $315.00 dollars in interest over five months. The judgment should have been for the amount of $8,715.00 dollars not for $50,000. Dollars. Even if the amount were calculated for 8 years of interest, it would only amount to 14,448.00 Dollars, not $50,000. Dollars or even 76,824.31.(see EXHIBIT 14, 15, 16) Dollars.  (Violating (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983) (42 U.S.C. § 1982,)  735 ILCS 5/2-1303, 720 ILCS 250/2.07), RULE3.3 (1), (4), (5), (7) and RULE 3.4(1), (2). RULE 8.4(1), (2), (3), (4), (5), (6), (7), (9). RULE 3.4. RULE 8.4.720 ILCS 5/4-4-5-6-7. 18 USCS § 1001. 720 ILCS 5/33-3(a), (b), ( c ), (d). cite 198 S.E. 2d 526,529. Also 153 S.E. 2d 356, 359.

## COUNT 4

34.    On or about May 01 2000. Attorney Mara S Georges filed another order of judgment and enforcement form and submitted the form for the same amount of $50,000. Dollars with Judge Ann Houser. Again violating the same rules above. (See EXHIBIT 13). Violation of   (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983 )(42 U.S.C. § 1982,) 720 ILCS 5/4-4-5-6-7. 720 ILCS 250/2.07, 18 USCS § 1001. 720 ILCS 5/33-3(a), (b), ( c ), (d). cite 198 S.E. 2d 526,529. Also 153 S.E. 2d 356, 359.

## COUNT 5

35.    On or about October 05 2005. Just after a motion hearing, the plaintiffs (than defendants) walk out of the court room # 1401 with attorney Joe Romano and Scott Sachnoff, Joe Romano turned to the plaintiff and made an offer to settle for the amount that they have collected. Which was about $8 to 10 thousand dollars at that time? The plaintiffs (then defendants) ask for some time to consider his offer and ask them for there phone number. Giving the plaintiff 24 hours to consider the offer. (See EXHIBIT 18).violating (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983 )(42 U.S.C. § 1982,)  720 ILCS 5/4-4-5-6-7. 720 ILCS 250/2.07,  18 USCS § 1001. 720 ILCS 5/33-3(a), (b), ( c ), (d).

## COUNT 6

36.    Shortly thereafter as we step out of the building Joe Romano ask plaintiff (A) to come with him to his office at 30 N LaSalle, because he had to talk to the plaintiff about something. Upon arriving and waiting in the lobby for a few minutes, Joe Romano attempted to interrogate the plaintiff (A) as to his whereabouts and place of residents. in a loud and angry manor in the lobby with others that he was trying to help the plaintiff out but that the plaintiff was "full of shit and that he needed to stop lying." Causing the plaintiff sever emotional distress the plaintiff left the building. (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983 )(42 U.S.C. § 1982,) (720 ILCS 5/4-4-5-6-7 ) 720 ILCS 250/2.07, 18 USCS § 1001 720 ILCS 250/2.07. 720 ILCS 5/33-3(a), (b), ( c ),(d).

## COUNT 7

37.　　On January 11, 2006. Joe Romano, attorney corporation counsel, stood next to Sheriff Case Czynowski, as Sheriff Case Czynowski testified under oath that he served the Plaintiff (A) with the summons and complaint (at that time Defendant) personally at 3302 W Schubert. (In violation the plaintiffs constitutional rights under Due process of law, as well as, (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983 )(42 U.S.C. § 1982,)　18 USCS § 1001, 720 ILCS 250/2.07 and 720 ILCS 5/4-4-5-6-7. 720 ILCS 5/33-3(a), (b), ( c ), (d). Cite 198 S.E. 2d 526,529. Also 153 S.E. 2d 356, 359.USC Amend 1,4,5,8,14. ILL ART 1. Sect, 2,5,6,12,13,20,23.

## COUNT 8

38. On January 11 2006, Joe Romano knowingly that Sheriff Case Czynowski would commit perjury. This is why attorney Joe Romano interrogated the plaintiff (then defendant) as to his whereabouts. This was en act of malicious prosecution. Violating, (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983) (42 U.S.C. § 1982,) 720 ILCS 5/4-4-5-6-7. 720 ILCS 250/2.07, 720 ILCS 5/33-3(a), (b), ( c ), (d).

## COUNT 9

39　　On June 30, 1999 Sheriff Case Czynowski filed a false affidavit (in violation of Amend 14, n 672. (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983) (42 U.S.C. § 1982,) 755 ILCS 5/1-8 and 65 ILCS 5/5-5-2.　720 ILCS 5/4-4-5-6-7. 720 ILCS 250/2.07, 720 ILCS 5/33-3(a), (b), ( c ), (d). 735 ILCS 5/2-203, (c ) . 18 USCS § 1001) that was sworn to and signed by him.　(See EXHIBIT 17.).

## COUNT 10

40.　　Sheriff Case Czynowski committed perjury in court, when he testified that he served the Plaintiff (A). At 3302 N Schubert, on June 28, 1999 at 1:45 pm although the plaintiff was only 14 miles away, at work, at the same time that service was rendered. Causing ABUSE OF PROCESS. Violating, 28 USC 1357, (18 USCS § 1001. 18 USCS 1341, n136. (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983) (42 U.S.C. § 1982,)　720 ILCS 250/2.07. 735 ILCS 5/4-128. 720 ILCS 5/33-3(a), (b), ( c ), (d). 720 ILCS 5/4-4-5-6-7) (see EXHIBIT 17, 19, 20.). (Cite) Maryland State Firemen's association V. Chaves USDC, District of Maryland 1996, 166 frd 353. SARKISSIAN V. CHICAGO BD OF ED 776 N.E.2d 195 (ILL 2002). UNITED STATE V. BRAND JEWLERS, INC. it was held that the United State had standing to seek an injunction preventing defendant from systematically obtaining default judgment against economically disadvantaged defendants by utilizing so-called **"SEWER" SERVICE** techniques, by which the process-server simply disposes of the papers and makes a false affidavit of service. 318 F. supp. 1293(S.D.N.Y. 1970).

COUNT 11

41.    When the City of Chicago Corporation counsel and attorneys Baker, Miller, Mark off &
Krasny, sent there Wage Deduction Notice to the plaintiff(B) (than defendants) place of
employment, the Chicago public school on August 09 2005. By way of FIRST CLASS MAIL.
They committed thus far 48 individual violations under the RICO ACT for MAIL FRAUD, and
/or WIRE FRAUD (Violating 18 USCS § 1341, 18 USCS § 1691, 18 USCS § 1343, 18 USCS
§ 1961, 29 USCS § 1111, 18 USCS § 1341, n14, n28, n46, n31, n112, n136. (42 U.S.C. § 1985
(3)), 42 U.S.C § 1983) (42 U.S.C. § 1982,) 18 USCS § 1001, 720 ILCS 5/33-3(a), (b), ( c ), (d).
42 USC § 1983, 1985, 28 USCS § 1343(a) (1, 2, 3, 4.), 18 USCS § 1963(a) (1) (2). 820 ILCS
115/9.(5). (Cite) silk worth V United States (1926, ca2 NY) 10 F2d 711, cert den (1926). US V
Potter (1971, cas mo) 441 f2d 1204, Armstrong V US (1933 ch 10 nm) 65 f2d 853, CHICAGO
TRIBUNE METRO section 2 page 3 January 30 2007.  (See EXHIBIT 21, 22)

COUNT 12

42.    On or about October 20 2005. When the City of Chicago Corporation counsel and
attorneys Baker, Miller, Mark off & Krasny, sent there Citation to Discover Assets and Turnover
Order to CORSE BANK (see EXHIBITS 5, 6, 7, 7A.) They committed BANK FRAUD,
violating (18 USCS § 1962), (18 USCS § 1344, N6), (18 USCS § 1963(a)), (Violating 18
USCS § 1341, 18 USCS § 1691, 18 USCS § 1343, 18 USCS § 1961, 29 USCS § 1111, 18
USCS § 1341, n14, n28, n46, n31, n112, n136. (42 U.S.C. § 1985 (3)), 42 U.S.C § 1983) (42
U.S.C. § 1982,) 18 USCS § 1001, 720 ILCS 5/33-3(a), (b), ( c ), (d). 42 USC § 1983, 1985, 28
USCS § 1343(a) (1, 2, 3, 4.), 18 USCS § 1963(a) (1) (2).

COUNT 13

43.    That although Plaintiff B Garnishment started August 05 2005 and the order to
TURNOVER was accomplished October 20 2005, with the falsification of documents entered in
to Court, without Service of Summons or complaint, each indiviule Defendant listed above may
be charged with one count of Bank fraud each and 63 escalating counts of MAIL FRAUD
accordingly each as the garnishment continues. Pursuant to 18 USCS 1341, n136, n138.  Cite:
Silkworth V. US (1926, ca2 ny) 10 F2f 711, cert den (1926). US V. Porter (1971 ca8 mo) 441
F2d 1204. Armstrong V. US (1933 ch 10 nm) 65 F2d 853. (see exhibit 21)

WHEREFORE:

City of Chicago seized all of our assets from Corus Bank including our family checking and savings accounts as well as business account and our children's savings accounts as well and were left with zero balance. The seizing of our assets and the garnishment of wages have seriously tarnished our credit and have left us in a true financial bind, it has hindered our most basic parental responsibilities to afford our children their most basic needs, to nourish, cloth, purchase school supplies or provide them with a descent Christmas Birthday or any other holiday that makes them happy. It has put an incredible amount of strain on us as parents. My health has suffered immeasurably and I only have the City of Chicago and Cook County to thank. How ironic that a man spends almost 10 years of his life in the United States Navy protecting his Country and the Constitution for which stands for. just to come home and be marginalized by the same Justus system he protected.

A.      the plaintiffs demand the cease and desist of all Garnishment and the return of all money collected up to date.

B.      the Plaintiffs demands a judgment in the amount $500,000,000. Million Dollars from the City of Chicago, Corporation Counsel and $500,000,000. Million dollars from Cook County and/or the Cook County Department Sheriff of for injury and damages caused.

Respectfully submitted,

_Ralph Cabrera_
Ralph Cabrera

_Reina M Cabrera_
Reina M Cabrera

R, R Cabrera
4153 N Western Ave
Chicago, IL 60618
773-430-0944

*EXHIBIT ( 1 )*

**LEAD**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT - FIRST DISTRICT

**CITY OF CHICAGO, a municipal corporation,**

          Plaintiff,

v.      Ralph Cabrera
        3302 W. Schubert
        Chicago, IL 60647

et al.,

          Defendant (s)

Case No. 99 400 855

**Address:**
1502 N. Keystone-1st Floor

**Courtroom 1101**
**Richard J. Daley Center**
**Amount Claimed: $8400**

### S U M M O N S

#### ***REFER TO ATTACHED ADDENDUM OF DEFENDANTS***

To each defendant:

          You are hereby summoned and required to file an appearance and answer to the complaint, a copy of which is attached. If you fail to answer or appear, a judgment by default may be entered against you for the relief asked for in the complaint. This cause will be heard in Courtroom _1101_ of the Richard J. Daley Center on _____ at _9:30_ a.m./p.m.

                    MAR 0 8 1999
To the officer:

          This summons must be returned by the office or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day of your appearance. If service cannot be made, this summons shall be returned so endorsed.

Date summons issued    **FEB - 2 1999**

Aurelia Pucinski
Clerk of Court

By: _____

                    Deputy Clerk

Brian L. Crowe, Attorney #90909
By: Torrick Ward / Demetris Kare
Assistant Corporation Counsel
for Plaintiff
Room 700, 30 North LaSalle Street,
Chicago, IL 60602
(312) 744-8791



CHICAGO PUBLIC SCHOOLS
P.O. BOX 09003
CHICAGO, ILLINOIS 60609

0003N3-071258

AUGUST 5, 2005
TRACE NUMBER:    0003:

CHECK/ADVICE NUMBER:  33▒▒▒▒▒▒▒▒▒
PAY PERIOD.:         16    07/17-07/30/05

REINA MARIA CABRERA
4153 N WESTERN
CHICAGO,  IL  60618

LANE/GRADE: G09

STEP: 07

*ExHiBiT (2)*

---

| | | | |
|---|---|---|---|
| SOCIAL SECURITY NO: | | | |
| TIME CURRENT: | 10.00 | YTD TAXABLE GROSS: | |
| OVERTIME: | 000.00 | YTD TOTAL GROSS: | |
| | | UNIT/TITLE:    0468J    00000468 | |

DESCRIPTION---HOURS----AMOUNT/ADJ.------BENEFITS      TAXES/DEDUCTIONS/NET------CURRENT----------YTD-

| DESCRIPTION | HOURS | AMOUNT/ADJ. | BENEFITS | | TAXES/DEDUCTIONS/NET | CURRENT | YTD |
|---|---|---|---|---|---|---|---|
| 50166 | | | SL | 128.00 | FED INCOME TAX   10i | | |
| 57259 | 35.00 | | PB | 3.00 | STATE INCOME TAX  O1 | | |
| | | | | | PENSION DEDUCTION | | |
| | | | | | DNTL-HMO | | |
| | | | | | CBOE PENSION CONTRIB | | |
| | | | | | DEFER PAY DEDUCT | | |
| | | | | | MISC DEDUCTIONS | 372.20 | |
| | | | | | INSURANCE DEDUCT | | |
| | | | | | F-HMO BP | | |
| | | | | | CTU DUES | 17.18 | |

*** CURR GROSS PAY                              *** CURR NET PAY

MESSAGES:

---



CHICAGO PUBLIC SCHOOLS
P.O. BOX 09003
CHICAGO, ILLINOIS 60609

# DIRECT   DEPOSIT

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
1ST MUNICIPAL DISTRICT

CITY OF CHICAGO

                    Plaintiff                          *Exhibit (3)*

              v.                              No. 99 M1 400655  .

REINA CABRERA
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

                    Defendant,

          and                *               Return Date: AUG 0 9 2005

BOARD OF EDUCATION OF THE
CITY OF CHICAGO

                    Employer.

### AFFIDAVIT FOR WAGE DEDUCTION ORDER

I, the undersigned attorney, on oath state:
    1.  I believe employer BOARD OF EDUCATION OF THE CITY OF
CHICAGO is indebted to the judgment debtor, **REINA CABRERA**  for wages due
or to become due.  Employer's address is City of Chicago, 125 S Clark
Street 2nd fl, Chicago, IL 60602.
    2.  The last known address of the judgment debtor is:
4153 N. Western, Chicago, Illinois  60641.

I request that a summons issue directed to employer and I certify that a
copy of the attached Wage Deduction Notice was mailed to judgment debtor,
by first class mail, at his/her last known address prior to filing of
this wage deduction proceeding.

**BAKER, MILLER, MARKOFF & KRASNY, LLC**
Attorneys for Plaintiff
29 N. Wacker Drive, 5th Floor
Chicago, IL  60606
Telephone (312) 698-7238
**FAX# (312) 541-0428**

Under penalties as provided by
law pursuant to Sec. 1-109 the
Code of Civil Procedure, the
undersigned certifies that the
statements set forth herein
are true and correct.

June 22, 2005

### CERTIFICATE OF ATTORNEY

I, the undersigned certify under penalties as provided by law pursuant to
735 ILCS 5/1-109 that the following information is true.

| | | |
|---|---|---|
| 1. Judgment in the above captioned case was entered July 19, 1999. | | |
| 2. The amount of the Judgment was | $ | 50,000.00 |
| 3. Allowable costs previously expended: | | |
|   a.  Initial filing fee | $ | 60.00 |
|   b.  Original and alias summons | $ | 30.00 |
|   c.  Filing and summons costs of prior | | |
|     supplementary proceedings | $ | 0.00 |
| 4. Filing and summons cost for this | | |
|   proceeding | $ | 55.00 |
| 5. Statutory interest due on judgment | | |
|   from date above | $ | 26,679.31 |
|     TOTAL | $ | 76,824.31 |
| DEDUCT:Total amount paid by or on behalf of | | |
|   judgment debtor prior to this proceeding | $ | 0.00 |
|     BALANCE DUE JUDGMENT CREDITOR | $ | 76,824.31 |

Attorney For Plaintiff

PURCHASER'S RECEIPT - RETAIN FOR YOUR RECORDS

**CORUS** BANK    P.O. Box 7966, Chicago, IL 60680-7966
Member, FDIC

REMITTER

\*\*\*\*\*CASE #99N24002SS\*\*\*\*
\*\*\*\*RALPH & REGINA CABRERA\*\*\*\*

954311

10/20/2005
$4,730.24

NOT NEGOTIABLE

PAYABLE TO:

\*\*\*FOUR THOUSAND SEVEN HUNDRED THIRTY and 24/100\*\*MEMORANDUM

# CASHIER'S CHECK    FOR

NOTICE: The purchase of an indemnity bond will be required before any cashiers check
drawn on this bank can be replaced or refunded in the event it is lost, stolen or destroyed.

Exhibit
4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
1ST MUNICIPAL DISTRICT

10/5

| | |
|---|---|
| CITY OF CHICAGO | *Exhibit 5* |
| Plaintiff, | No. 99 M1 400655 |
| vs. | |
| RALPH CABRERA | |
| REINA CABRERA | |
| Defendant(s). | RECEIVED |
| and | OCT 2 0 2005 |
| CORUS BANK | CORUS BANK |
| Third Party Respondent. | |

### TURNOVER ORDER

THIS CAUSE COMING to be heard on Plaintiff's motion for a turnover, the Court having jurisdiction and being duly advised in the premises;

IT IS HEREBY ORDERED:

1.  That the Citation Respondent is ordered to turn over funds of the Defendant that it is currently holding pursuant to a served Citation in the amount of $4,730.24.

2.  That said funds shall be turned over to the Plaintiff through its attorneys to satisfy in part or in full the judgment entered herein.

3.  That judgment in the sum of $4,730.24 is hereby entered against CORUS BANK and in favor of RALPH CABRERA  REINA CABRERA for use of CITY OF CHICAGO .

4.  That any and all funds in excess of the amount indicated in this Order are to be returned to the account holder, the freeze on said account is lifted, and the Citation is dismissed.

E N T E R:

Date: _____

*Assoc. Judge Thomas M. Donnelly*

OCT 0 5 2005

*Circuit Court - 1803*

_____          _____
JUDGE                                    Judge's No.

BAKER, MILLER, MARKOFF & KRASNY, LLC
Attorneys for Plaintiff
29 N. Wacker Drive - 5th Floor
Chicago, IL 60606
Telephone: (312)541-4100
82-06123-0

BTO

# BAKER, MILLER, MARKOFF & KRASNY, LLC

ATTORNEYS AT LAW

*Exhibit (6)*

KENNETH BAKER
DAVID S. MILLER
ROBERT G. MARKOFF
JAMES R. KRASNY
KEVIN W. MORTELL
JAMES A. KAPLAN
THOMAS M. GEARHART

October 12, 2005

Corus Bank
Attn: Legal Dept
3959 N Lincoln Ave
Chicago, IL 60613

RECEIVED

OCT 20 2005

CORUS BANK

RE: Ralph Cabrera's
Account Balance With:
CITY OF CHICAGO
Our File No: 82-06123-0 JR
Docket No..: 99 M1 400655

Enclosed please find a copy of the Turnover Order entered with the Court today. Please be advised that the $4,730.24 being held in that account must be forwarded to our office at this time.

Thank you for your cooperation in this matter.
If you have any questions, please do not hesitate to call.

Sincerely,

Baker, Miller, Markoff & Krasny, LLC

Mia T. Daniels 312-698-7238
Legal Assistant

MTD/kwk

**CORUS** BANK

P.O. Box 87144
Chicago, IL 60680-0144

773-989-5100

*Serving our Customers for over 90 years*

October 20, 2005

$Exhibit(7)$

Ralph & Reina Cabrera
4153 N Western, Ave
Chicago, IL  60618

Re: Citation to Discover Assets to Third Party No.(s): 99 M1 400655 – City of Chicago
vs. Ralph Cabrera, Reina Cabrera

Dear Customer(s),

Please find the enclosed copy of a cashier's check that was issued as satisfaction of the
aforementioned citation and enclosed order. A copy of said order is enclosed for your
records.

If you have any further inquires, please contact me at (773) 832-7940.

Sincerely,

Leslie Ann Regalado
Operations Special Services Specialist

**CORUS BANK**

P.O. Box 87144                    773-989-5100
Chicago, IL 60680-0144

Serving our Customers for over 90 years

September 16, 2005

Exhibit (7P)

Ralph & Reina Cabrera
4153 N Western, Ave
Chicago, IL  60618

Re: Citation to Discover Assets to Third Party No.(s): 99-M-400655 — City of Chicago vs.
Ralph Cabrera

Dear Customer(s),

Pursuant to the court ordered citation received September 13, 2005 we have processed the
additional withholding as stipulated.  A copy of this citation was sent to you on that date.
The actual debit(s) posted to your account(s) are:

| Account | Amount |
|---------|--------|
| • 1707093224 | $ 1,877.37 – 09/13/05 |
| • 1707174907 | $ 1,215.36 – 09/13/05 |
| • 1707174907 | $   150.00 – 09/13/05 |
| • 1707093224 | $   408.20 – 09/15/05 |
| • 1707174907 | $ 1,229.31 – 09/16/05 |

Total:            $ 4,880.24

This total reflects $ 4,730.24 withholding in addition to $150.00 bank processing fee.

If you have any questions regarding this Citation to Discover Assets you may contact me
at (773) 832-7940.

Sincerely,

Leslie Amy Regalado
Operations Special Services Specialist

STATE OF ILLINOIS )    LEAD
COUNTY OF C O O K )SS   AFFIDAVIT OF POLICE OFFICER
CASE NUMBER: __99M1-400655__ FILED DATE: _6/11/99_ DIE DATE: _7/14/99_ INV# ___4090___

DEFENDANT: RALPH CABRERA    COURTRM 1101
ADDRESS: 3302 W SCHUBERT, CHGO, IL 60647    COURTDATE 7/19/99

*******************************************************************

[A] I, the undersigned, being over eighteen years of age, not a party to the action and duly sworn on oath, certify that I served this summons & complaint on the defendant as follows:

*EXHiBiT 8*

___[1] **PERSONAL SERVICE:** By leaving a copy of the summons & complaint with the named defendant personally.

___[2] **SUBSTITUTE SERVICE:** By leaving a copy of the summons & complaint at the defendant's usual place of abode with some person of the family, of age of 13 years or upwards, and informing that person of the contents thereof, also, a copy of the summons was mailed on the day of_____ 199____, in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.
SAID PARTY REFUSED NAME:_____

___[3] **SERVICE ON:** Corporation_____Company_____Business_____ Partnership_____. By leaving a copy of the summons & complaint with the registered agent, authorized person or partner of defendant.

[B] The party served is described as follows:

1. SEX__M__ RACE_W-H_ AGE_UNK_
2. NAME OF DEFENDANT: RALPH CABRERA
SUMMONS SERVED ON: _Ralph Cabrera_ THIS _28_ DAY OF _Jun_, 1999 TIME _1_:_15_ AM/PM.

ADDITIONAL REMARKS:_____

[C] I AM DULY AUTHORIZED TO SERVE PROCESS IN THIS CAUSE AND COMPLETE THIS RETURN OF SERVICE PURSUANT TO PARA 5/1-2-11(B) OF CHAPTER 65 OF THE ILLINOIS COMPILED STATUTES (1992 AS AMENDED) AND STATE THAT THE INFORMATION CONTAINED IN [A] AND [B] ABOVE IS THE TRUTH.
TERRY G. HILLARD, CHICAGO POLICE SUPERINTENDENT, BY:_____
_____, POLICE OFFICER, STAR #___13089___

Signed and Sworn to before me on _6-30-99_ By:_____

_Rosalind McClennon_
Notary Public
Cook County, Illinois

<table>
<tr><td>OFFICIAL SEAL<br>ROSALIND R MCCLENNON<br>NOTARY PUBLIC STATE OF ILLINOIS<br>MY COMMISSION EXP. MAY 31,2003</td></tr>
</table>

THE NAMED DEFENDANT WAS NOT SERVED:

**ATTEMPTED SERVICES**

| Date | Time | AM/PM |
|------|------|-------|

TYPE OF BUILDING:_____
NEIGHBORS NAME:_____
ADDRESS:_____
REASON NOT SERVED
___MOVED   ___WRONG ADDRESS
___DECEASED___BUILDING VACANT
___NO SUCH ADDRESS
___VACANT LOT___NO CONTACT
___UNABLE TO GAIN ENTRY
ADDITIONAL REMARKS:_____

EXHIBIT 9

1999

# Attendance History    1999 - 2000

Employee Name: _____  First: RALPH  Mil: ☐

Employee Number: CABRERA

Employment: 1/03/1997  Termination: _____

Department: 631 / 320001

Vacation: Due 10.0  Used 5.0

Personal: Due 6.0  Used 3.0

Carryover: Days 22  Level 7.5  Months 0

| | |
|---|---|
| 1 - COMBINATION E/T | L - PERSONAL LEAVE |
| 2 - COMBINATION Q/V | M - MEDICAL LEAVE |
| 3 - COMBINATION ON | N - NOT PAID PERSONAL TIME |
| 4 - COMBINATION WN | O - OTHER |
| A - ACCIDENT ON JOB | P - PAID PERSONAL DAY |
| C - ACCIDENT OFF JOB | Q - PERSONAL 1/2 DAY |
| D - DEATH IN FAMILY | S - SUSPENSION |
| E - LEFT EARLY | T - TARDY |
| F - FREE DAY | V - VACATION |
| H - HOLIDAY | W - VACATION 1/2 DAY |
| J - JURY DUTY | X - FMLA |

| LvlDate | Lvl | Mths |
|---|---|---|
| 09/20/1999 | 9 | 1 |
| 08/14/1999 | 9 | 0 |
| 07/13/1999 | 8.5 | 0 |
| 06/11/1999 | 8 | 0 |

(Attendance grid, days 1–31 by month: Jun, Jul, Aug, Sep, Oct, Nov, Dec, Jan, Feb, Mar, Apr, May)

**This is a copy of your attendance grid as of 1999 until REDD if you have any questions please contact Nancy Koenig**

Q: Nancy: what does it means if there is NO marking in grid Box.

A: You were AT WORK ON Time.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

City of Chicago

v.

Ralph Cabrera,
etd

Exhibit 10

NO. 99m1 400655

RE: 1502 N. Keystone

**ORDER**

This cause coming on to be ~~some~~ heard on motion of defendant to vacate the judgment entered in this cause on 7-19-1999 against Ralph and Reina Cabrera in the amount of $50,000 plus costs; said motion to vacate the judgment is Denied.

**Atty No.**

**Name** Joe Romano

**Attorney for** City of Chicago

**Address** 30 N. LaSalle

**City / Zip** Chgo. 60602

**Telephone** 744-1043

JUDGE DAVID B. ATKINS

JAN 1 1 2006

Circuit Court - 1879

**ENTER:**

_____

**Judge**    **Judge's No.**

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

file the notice of appeal therefore requires this court to dismiss the appeal for lack of jurisdiction.  See, e.g., In re CJ, 325 Ill. App. 3d 502, 504-05 (1st Dist. 2001) (appeal "must be dismissed" where notice of appeal is filed thirty-one days after entry of judgment); Application of County Treasurer, 208 Ill. App. 3d at 564 ("[T]he appellate court is required to dismiss an untimely filed appeal for want of proper jurisdiction.").

11.  Because this court lacks jurisdiction over this appeal, the Cabreras' motion to accelerate the appeal and for a temporary injunction should be denied.

WHEREFORE, the City respectfully requests that the court deny the "Emergency Motion to Accellarate [sic] Appeal and Motion for Temporary Injunction To Stop Wage Garnishment."  Further, the court should dismiss this appeal for lack of jurisdiction.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
of the City of Chicago

By: _____

MYRIAM ZRECZNY KASPER
Chief Assistant Corporation Counsel
BENNA RUTH SOLOMON
Deputy Corporation Counsel
Suite 800
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-3564/7764

_____

law to excuse a pro se litigant from a jurisdictional rule.

7

Exhibit (11)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
### FIRST MUNICIPAL DISTRICT

| | |
|---|---|
| The City of Chicago, <br> A Municipal Corporation, <br> Plaintiff, <br><br> v. <br><br> RALPH CABRERA <br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No: 99 M1 400655 <br><br> Re: 1502 No. KEYSTONE |

### ORDER
### Lead Paint Abatement

This cause coming to be heard on the trial call, the Court having jurisdiction over the defendant(s) and the subject matter, and being fully advised in the premises and having heard evidence:

IT IS HEREBY ORDERED THAT Defendant(s) RALPH CABRERA & REINA CABRERA

( ) Appear in Court;

( ) Arrange with the Department of Health for an interior inspection of the entire premises in question;

(X) Complete all work to correct violations on the Plaintiff's complaint in compliance with the rules and regulations governing the removal of lead paint which have been promulgated by the City of Chicago's Board of Health. Specifically, while abatement is underway, no pregnant women or children under 12 years of age can occupy or use the premises; BY 8/30/99

( ) Board and secure the premises in question;

(X) Have an ex-parte judgment entered against said defendant(s) in the amount of $ 50000 plus court costs;

( ) Have a finding of guilty entered against said defendant(s) in the amount of $ _____ plus court costs;

IT IS FURTHER ORDERED THAT this cause is continued to _____, at 9:30 a.m. in Courtroom 1101, of the Daley Center, Chicago, Illinois without further notice.

Hearing date: 7/19/99

By: _____
Assistant Corporation Counsel
MARA S. GEORGES
Corporation Counsel
30 N. LaSalle Street, Suite 700
Chicago, Il 60602 (312) 744-8791

Enter          JUL 18 1999

Judge

BETAR III

Exhibit (I²)

Space for Recorder's Office

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - FIRST DISTRICT

CITY OF CHICAGO, a municipal
corporation,

                   Plaintiff,

vs.

RALPH CABRERA      Defendant(s) et al]

NO. 99 M1 400655

RE: 1502 No. KEYSTONE

Courtroom 11 01   1ST FLR

ORDER OF PERMANENT INJUNCTION
AND OF JUDGMENT AND ENFORCEMENT

This matter coming on to be heard on the regular trial call and on motion of plaintiff, City of Chicago, and this court h
jurisdiction over the parties and being fully advised in the premises, the court orders:

1. The judgment(s) hereby entered on the date(s) of ___7/19/99___ in the
amount(s) of $__5000__ plus $60.00 in court costs against defendant(s) RALPH CABRERA + ___ in the
REINA CABRERA ___ shall stand as final judgment and that leave for enforcement on said judgm
is hereby granted plaintiff, City of Chicago, instanter.

2. Defendant(s) RALPH CABRERA b REINA CABRERA
his/her/their agents, heirs, successors or assigns, be and are permanently enjoined and restrained from renting, leasing, using or occu
the ___ 1ST FLR ___ until full compliance with City of Chicago codes as stated in this cause and further order of court. It is fu
ordered that defendant(s) his/her/their agents, successors, heirs or assigns maintain the vacant premises boarded and secured until fu
order of court. The court reserves jurisdiction of this matter for the purposes of modification, enforcement or termination of this perma
injunction.

3. This order is final and appealable, the court finding no just cause or reason to delay its enforcement or appeal.

Hearing Date: 7/19/99

ATTORNEY #90909 MARA S. GEORGES
ASSISTANT CORPORATION COUNSEL
FOR THE PLAINTIFF
ROOM 700, 30 N LASALLE
CHICAGO, IL 60602

By: _____

Assistant Corporation Counsel
30 North LaSalle Street
Suite 700
Chicago, IL 60602
(312) 744-8791

4. CASE DISMISSED

Judge Sam Betar

BETAR III

ASSOC. JUDGE SAMUEL J. BETAR III

JUL 1 9 1999

CIRCUIT COURT - 1759

*Exhibit 12 A*

| William G. Lacy | Chicago |
| Lisa Ruble Murphy | Chicago |
| Lawrence O'Gara | Chicago |
| Ralph Reyna | Chicago |
| Maura Slattery Boyle | Chicago |

**Judicial Subcircuit No. 15**

| Charles P. Burns | Maywood |
| John T. Doody, Jr. | Chicago |
| Marcella C. Lipinski | Markham |
| Thomas P. Panichi | Markham |
| William M. Phelan | Bridgeview |
| Jesse Prince | Chicago |
| James Ryan | Chicago |
| David P. Sterba | Bridgeview |
| Frank G. Zelezinski | Markham |

**Associate Judges**

| Jorge L. Alonso | Skokie |
| Edward A. Antonietti | Markham |
| Larry Axelrood | Chicago |
| Reginald H. Baker | Markham |
| Mark J. Ballard | Chicago |
| Consuelo E. Bedoya-Witt | Skokie |
| Helaine L. Berger | Chicago |
| Samuel J. Betar, III | Rolling |
| Adam D. Bourgeois, Jr. | Chicago |
| William Stewart Boyd | Chicago |
| Stephen Y. Brodhay | Chicago |
| Michael Brown | Chicago |
| Gary L. Brownfield | Chicago |
| Elizabeth M. Budzinski | Chicago |
| Dennis J. Burke | Chicago |
| Frank B. Castiglione | Markham |
| Cheryl D. Cesario | Chicago |
| Timothy J. Chambers | Chicago |
| Joseph M. Claps | Chicago |
| Robert J. Clifford | Chicago |
| Gloria G. Coco | Chicago |
| Susan M. Coleman | Chicago |
| Thomas J. Condon | Markham |
| Abishi C. Cunningham | Chicago |
| Noreen M. Daly | Chicago |
| Ronald S. Davis | Chicago |
| Frank DeBoni | Chicago |
| Dennis A. Dernbach | Chicago |
| Israel A. Desierto | Chicago |
| Grace G. Dickler | Skokie |
| James G. Donegan | Chicago |
| Thomas M. Donnelly | Chicago |
| James P. Etchingham | Rolling |
| Maureen P. Feerick | Chicago |
| Fé Fernandez | Chicago |
| Howard L. Fink | Rolling |
| Brian K. Flaherty | Markham |
| Lawrence E. Flood | Chicago |
| Lawrence P. Fox | Chicago |

called
5:30 pm

3 District
447-8182006
2821 uchit Road
Rollins meadows

6192 B2
case no
99 M 1400055

EXhibiT 13

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### FIRST MUNICIPAL DISTRICT

The City of Chicago,                )
    A Municipal Corporation,     )    No: 99M1400655
                Plaintiff,    )
                      )    Re: 1502 N. KEYSTONE
                      )
               v.        )
                      )    Room No. 1101 Daley Center
Ralph Cabrera             )       Chicago, Illinois
  et. al.     Defendant.    )

### ORDER OF JUDGMENT AND ENFORCEMENT

This matter coming on to be heard on the regular trial call and on motion of plaintiff, City of Chicago, and the court having jurisdiction over the parties and being fully advised in the premises, the court orders:

1. The judgment(s) hereby entered on the date(s) of **7/19/99** in the amount of $ **$50,000.00** plus $60.00 in court costs against defendant(s) **RALPH CABRERA AND REINA CABRERA** shall stand as final judgment.

2. Leave for enforcement on said judgment is hereby granted Plaintiff, City of Chicago, instanter.

3. This order is final and appealable, the court finding no just cause or reason to delay its enforcement or appeal.

Hearing date: **5/1/00**

 

Judge **HOUSER**

**ASSOC. JUDGE ANN HOUSER**

**MAY 0 1 2000**

**CIRCUIT COURT • 227**

Attorney No. 90909
Mara S. Georges, Corporation Counsel
By _____
Assistant Corporation Counsel
30 N. LaSalle St., Suite 700
Chicago, IL 60602
(312) 744-8791



Exhibit 14

Human Resources Department
Telephone: (773) 847-4600 ext. 6447
FAX:    (773) 847-4612

October 25, 2007

Mr. Ralph Cabrera
4153 N. Western Avenue
Chicago, IL    60618

RE    time sheet request

Dear Mr. Cabrera:

Enclosed, please find time sheet information for Ralph Cabrera for the dates of June 28,29,30, July 1, & 2.

The time sheet is read as follows:
    clock in for work
    clock out for lunch
    clock back in after lunch
    clock out  to leave
    WFC does have two 20 minute breaks each day that are not clocked.

Please advise if there are any questions or concerns.
Sincerely,

The Human Resources Department
World's Finest Chocolate, Inc

Enc.

Exhibit 15

WF   WORLDS FINEST CHOCOLATE   ORIGINAL   REPT   PAGE   75
100                            RINGS   60SR   DATE 07-13-99

DATE: 06-27-99 THRU 07-03-99
CONTROL-4: ALL   INCLUDE ALL SCHEDULES

| DEPT | EMPLOYEE NAME | EMPLOYEE NUMBER | BADGE NUMBER | SCHEDULE NBR | SUB | RING DATE | RING TIME |
|------|---------------|-----------------|--------------|--------------|-----|-----------|-----------|
| SOUT | CABRERA, RALPH | 00631 | 4730 | 600 | 00 | 06-28-1999 | 05:58 |
| | | | | | | 06-28-1999 | 12:08 |
| | | | | | | 06-28-1999 | 12:26 |
| | | | | | | 06-28-1999 | 14:47 |
| | | | | | | 06-29-1999 | 05:53 |
| | | | | | | 06-29-1999 | 11:11 |
| | | | | | | 06-29-1999 | 11:27 |
| | | | | | | 06-29-1999 | 14:32 |

Exhibit 10

DATE: 06-27-99    WF    WORLDS FINEST CHOCOLATE    ORIGINAL    REPT    PAGE    76
CONTROL-4: ALL    100                               RINGS         60SR    DATE 07-13-99
          THRU 07-03-99
          INCLUDE ALL SCHEDULES

| DEPT | EMPLOYEE NAME | EMPLOYEE NUMBER | BADGE NUMBER | SCHEDULE NBR | SUB | RING DATE | RING TIME |
|------|---------------|-----------------|--------------|--------------|-----|-----------|-----------|
| SOUT | CABRERA, RALPH | 00631 | 4730 | 600 | 00 | 06-30-1999 | 05:56 |
| | | | | | | 06-30-1999 | 11:14 |
| | | | | | | 06-30-1999 | 11:42 |
| | | | | | | 06-30-1999 | 14:30 |
| | | | | | | 07-01-1999 | 05:59 |
| | | | | | | 07-01-1999 | 11:47 |
| | | | | | | 07-01-1999 | 12:16 |
| | | | | | | 07-01-1999 | 14:30 |
| | | | | | | 07-02-1999 | 05:58 |
| | | | | | | 07-02-1999 | 11:30 |
| | | | | | | 07-02-1999 | 12:00 |
| | | | | | | 07-02-1999 | 14:33 |

STATE OF ILLINOIS )
COUNTY OF C O O K )SS
CASE NUMBER: _99M1-400655_ FILED DATE: _6/11/99_ DIE DATE: _7/14/99_INV# _____

DEFENDANT: RALPH CABRERA
ADDRESS: 3302 W SCHUBERT, CHGO, IL 60647

COURTRM 1101
COURTDATE 7/19/99

*****************************************************************

[A]  I, the undersigned, being over eighteen years of age, not a party to the action
and duly sworn on oath, certify that I served this summons & complaint on the
defendant as follows:

EXHiBiT 17

___[1]  **PERSONAL SERVICE:** By leaving a copy of the summons & complaint with the
named defendant personally.

___[2]  **SUBSTITUTE SERVICE:** By leaving a copy of the summons & complaint at the
defendant's usual place of abode with some person of the family, of age of
13 years or upwards, and informing that person of the contents thereof,
also, a copy of the summons was mailed on the day of_____ 199____, in
a sealed envelope with postage fully prepaid, addressed to the defendant at
his or her usual place of abode.
SAID PARTY REFUSED NAME:_____

___[3]  **SERVICE ON:** Corporation_____Company_____Business_____
Partnership_____. By leaving a copy of the summons & complaint with
the registered agent, authorized person or partner of defendant.

[B]  The party served is described as follows:

1.  SEX___M___ RACE_W-H_AGE_UNK_
2.  NAME OF DEFENDANT: RALPH CABRERA
SUMMONS SERVED ON:_Ralph Cabrera_____THIS_28_DAY OF_6_
_Jun_,199_9_ TIME_/_:_15_AM/PM

ADDITIONAL REMARKS:_____

[C]  I AM DULY AUTHORIZED TO SERVE PROCESS IN THIS CAUSE AND COMPLETE THIS RETURN OF
SERVICE PURSUANT TO PARA 5/1-2-11(B) OF CHAPTER 65 OF THE ILLINOIS COMPILED
STATUTES (1992 AS AMENDED) AND STATE THAT THE INFORMATION CONTAINED IN [A] AND
[B] ABOVE IS THE TRUTH.
TERRY G. HILLARD, CHICAGO POLICE SUPERINTENDENT, BY:_____
_____, POLICE OFFICER, STAR #_____

Signed and Sworn to before me on:_6-30-99_By:_____

_Rosalind M Clennon_

Notary Public
Cook County, Illinois

┌─────────────────────────────────┐
│          OFFICIAL SEAL          │
│      ROSALIND R MCCLENNON       │
│ NOTARY PUBLIC STATE OF ILLINOIS │
│  MY COMMISSION EXP. MAY 31,2003 │
└─────────────────────────────────┘

THE NAMED DEFENDANT WAS NOT SERVED:

ATTEMPTED SERVICES

| Date | Time | AM/PM |
|------|------|-------|

TYPE OF BUILDING:_____
NEIGHBORS NAME:_____
ADDRESS:_____
REASON NOT SERVED
___MOVED  ___WRONG ADDRESS
___DECEASED___BUILDING VACANT
___NO SUCH ADDRESS
___VACANT LOT  ___NO CONTACT
___UNABLE TO GAIN ENTRY
ADDITIONAL REMARKS:_____

JOE ROMANO    312-744-1043

Scott Sachnoff  312-744-6981

Exhibit 18



> **Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page.


An AOL Company

*Exhibit 14*

**START** **3302 W Schubert Ave**
Chicago, IL 60647-1324, US

**END** **4801 S Lawndale Ave**
Chicago, IL 60632-3065, US

**Total Est. Time:**
23 minutes

**Total Est. Distance:**
14.08 miles

| Maneuvers | | Distance |
|---|---|---|
| **START** | **1:** Start out going WEST on W SCHUBERT AVE toward N KIMBALL AVE. | <0.1 miles |
| | **2:** Turn RIGHT onto N KIMBALL AVE. | 0.1 miles |
| | **3:** Turn RIGHT onto W DIVERSEY AVE. | 0.8 miles |
| EAST 90 | **4:** Merge onto I-90 E / I-94 E. | 6.2 miles |
| SOUTH 55 | **5:** Merge onto I-55 S / STEVENSON EXPY S via EXIT 53 toward ST LOUIS. | 4.9 miles |
| 287 EXIT | **6:** Take the PULASKI RD / 4000W exit- EXIT 287. | 0.2 miles |
| | **7:** Keep LEFT at the fork in the ramp. | <0.1 miles |
| | **8:** Keep RIGHT at the fork to go on S PULASKI RD. | 1.0 miles |
| | **9:** Turn LEFT onto W 47TH ST. | 0.3 miles |
| | **10:** Turn RIGHT onto S LAWNDALE AVE. | 0.1 miles |
| **END** | **11:** End at **4801 S Lawndale Ave**<br>Chicago, IL 60632-3065, US | |

**Total Est. Time:** 23 minutes      **Total Est. Distance:** 14.08 miles

*SNL/pg/esiaĺ Pomt*
*773 477-1300*

Case 1:07-cv-06924    Document 1    Filed 12/10/2007    Page 32 of 39

*EXHIBIT 20*



**Sorry!** When printing directly from the browser your map may be incorrectly cropped. To print the entire map, try clicking the **"Printer-Friendly"** link at the top of your results page.

All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.

Case 1:07-cv-06924    Document 1    Filed: 12/08/2007    Page 33 of 39



# Chicago report card nothing to brag about

Alejandra Ibañez of the Pilsen Alliance (above) explains the city report card compiled by Developing Government Accountability to the People. More than 30 community organizations representing residents from throughout the city collaborated on the report card (right), which gave the city only one high mark, a B+ for environmental concerns. Other grades are: C+ for economic development and jobs; C marks for transportation and education; D for housing; and F grades in criminal justice and ethics and corruption.



21

**AI35**          **COURT ORDERED DEDUCTION INQUIRY SCREEN**

| | | | |
|---|---|---|---|
| LAST UPDATE: | 09 27 05 | DATE ENTERED: | 08 02 05 |
| BATCH: | 833 | WORKSHEET: | 169152 |
| PREPARER: | 193 | SSN: | 262613657 |
| LAST NAME: | CABRER | DEDUCTION TYPE: | 32 |
| DEDUCT FREQUENCY: | 1 | OPTION: | 1 |
| AMOUNT/PERCENT: | 15.00 | ARREAR PAYMENT: | |
| ADJUST PENDING AMT: | | MED SUPPORT: | |
| DATE FULLY DEDUCTED: | | TOTAL AMOUNT DEDUCTED: | 11,316.54 |
| TOTAL AMT DISTRIB: | 0.00 | TOTAL ARREAR DEDUCTED: | 0.00 |

PAY/PERS C.O.D. PENDING FLAG = Y

| | | | |
|---|---|---|---|
| EFFECTIVE DATE: | 07 17 05 | END DATE: | |
| DISTRIBUTION DATE: | 07 17 05 | CLOSE DATE: | |
| COURT DATE: | | DATE FILED: | |
| COURT NUMBER: | | NA COURT NUMBER: | |
| TOTAL AMOUNT DUE: | 77414.77 | ARREAR AMOUNT DUE: | |

CREDITOR NAME 1:   BAKER,MILLER,MARKOFF
CREDITOR NAME 2:   CITY OF CHGO(99M1 400655
           ADDRESS:   29 N WACKER DR 5TH FL
              CITY:   CHICAGO              STATE: IL   ZIP: 60606
          FIP CODE:                       COUNTY:

NEXT CONVERSATION                                 PA02=END

*Exhibit 22*

AI45

# CHICAGO PUBLIC SCHOOLS
## COURT ORDERED DEDUCTIONS ACTIVITY INQUIRY SCREEN

REINA                    CABRERA

| TYPE | YEAR | WRKSHT | PAY DATE | GEN WARR | GROSS PAY | ARREAR DEDUCTED | TOTAL DEDUCTED | DATE DISTRIB | AMOUNT DISTRIB |
|------|------|--------|----------|----------|-----------|-----------------|----------------|--------------|----------------|
| 32 | 05 | 169152 | 08/05/05 | 3368 | 2481.37 | | 372.20 | 09/29/05 | 372.20 |
| | | | 08/19/05 | 3371 | 2621.81 | | 393.27 | 09/29/05 | 393.27 |
| | | | 09/02/05 | 3375 | 1779.16 | | 266.87 | 09/29/05 | 266.87 |
| | | | 09/16/05 | 3379 | 1271.98 | | 190.79 | 09/29/05 | 190.79 |
| | | | 09/30/05 | 3384 | 1589.97 | | 238.49 | 09/29/05 | 238.49 |
| | | | 10/14/05 | 3388 | 1589.97 | | 238.49 | 10/13/05 | 238.49 |
| | | | 10/28/05 | 3392 | 1618.06 | | 242.70 | 10/27/05 | 242.70 |
| | | | 11/10/05 | 3396 | 1618.06 | | 242.70 | 11/09/05 | 242.70 |
| | | | 11/23/05 | 3400 | 1646.15 | | 246.92 | 11/22/05 | 246.92 |
| | | | 12/09/05 | 3404 | 1589.97 | | 238.49 | 12/08/05 | 238.49 |
| | | | 12/23/05 | 3408 | 1589.97 | | 238.49 | 12/19/05 | 238.49 |
| | | | 12/23/05 | 3409 | 1646.15 | | 246.92 | 12/22/05 | 246.92 |

MESSAGE                                                          PA02 = END
NEXT CONVERSATION AI45 262613657 05 169152 32 011706

23

AI45

# CHICAGO PUBLIC SCHOOLS
## COURT ORDERED DEDUCTIONS ACTIVITY INQUIRY SCREEN

REINA                    CABRERA

| TYPE | YEAR | WRKSHT | PAY DATE | GEN WARR | GROSS PAY | ARREAR DEDUCTED | TOTAL DEDUCTED | DATE DISTRIB | AMOUNT DISTRIB |
|------|------|--------|----------|----------|-----------|-----------------|----------------|--------------|----------------|
| 32 | 05 | 169152 | 01/20/06 | 3416 | 1663.28 | | 249.49 | 01/20/06 | 249.49 |
| | | | 02/03/06 | 3419 | 1589.97 | | 238.49 | 02/03/06 | 238.49 |
| | | | 02/17/06 | 3423 | 1674.24 | | 251.13 | 02/16/06 | 251.13 |
| | | | 03/03/06 | 3428 | 1730.41 | | 259.56 | 03/02/06 | 259.56 |
| | | | 03/17/06 | 3431 | 1730.41 | | 259.56 | 03/16/06 | 259.56 |
| | | | 03/31/06 | 3435 | 1730.41 | | 259.56 | 03/30/06 | 259.56 |
| | | | 04/07/06 | 3437 | 1668.68 | | 250.30 | 04/03/06 | 250.30 |
| | | | 04/28/06 | 3445 | 1727.64 | | 259.14 | 04/27/06 | 259.14 |
| | | | 05/12/06 | 3449 | 1875.03 | | 281.25 | 05/11/06 | 281.25 |
| | | | 05/26/06 | 3453 | 1963.47 | | 294.52 | 05/25/06 | 294.52 |
| | | | 06/09/06 | 3458 | 1904.51 | | 285.67 | 06/08/06 | 285.67 |
| | | | 06/23/06 | 3462 | 1816.08 | | 272.41 | 06/22/06 | 272.41 |

MESSAGE                                                    PA02 = END
NEXT CONVERSATION AI45 262613657 05 169152 32 070306

AI45

# CHICAGO PUBLIC SCHOOLS
## COURT ORDERED DEDUCTIONS ACTIVITY INQUIRY SCREEN

REINA                    CABRERA

| TYPE | YEAR | WRKSHT | PAY DATE | GEN WARR | GROSS PAY | ARREAR DEDUCTED | TOTAL DEDUCTED | DATE DISTRIB | AMOUNT DISTRIB |
|------|------|--------|----------|----------|-----------|-----------------|----------------|--------------|----------------|
| 32 | 05 | 169152 | 07/07/06 | 3467 | 2057.87 | | 308.68 | 07/07/06 | 308.68 |
| | | | 07/21/06 | 3471 | 1860.96 | | 279.14 | 07/21/06 | 279.14 |
| | | | 08/04/06 | 3477 | 1983.60 | | 297.54 | 08/03/06 | 297.54 |
| | | | 08/18/06 | 3481 | 1860.97 | | 279.14 | 08/17/06 | 279.14 |
| | | | 09/01/06 | 3485 | 1615.70 | | 242.35 | 09/01/06 | 242.35 |
| | | | 09/15/06 | 3489 | 1388.34 | | 208.25 | 09/15/06 | 208.25 |
| | | | 09/29/06 | 3494 | 1735.42 | | 260.31 | 09/28/06 | 260.31 |
| | | | 10/13/06 | 3498 | 1735.42 | | 260.31 | 10/12/06 | 260.31 |
| | | | 10/27/06 | 3502 | 1735.42 | | 260.31 | 10/26/06 | 260.31 |
| | | | 11/10/06 | 3506 | 1735.42 | | 260.31 | 11/10/06 | 260.31 |
| | | | 11/22/06 | 3511 | 1735.42 | | 260.31 | 11/21/06 | 260.31 |
| | | | 12/08/06 | 3515 | 1735.42 | | 260.31 | 12/07/06 | 260.31 |

MESSAGE                                              PA02 = END
NEXT CONVERSATION AI45 262613657 05 169152 32 121606

AI45

# CHICAGO PUBLIC SCHOOLS
## COURT ORDERED DEDUCTIONS ACTIVITY INQUIRY SCREEN

REINA                    CABRERA

| TYPE | YEAR | WRKSHT | PAY DATE | GEN WARR | GROSS PAY | ARREAR DEDUCTED | TOTAL DEDUCTED | DATE DISTRIB | AMOUNT DISTRIB |
|------|------|--------|----------|----------|-----------|-----------------|----------------|--------------|----------------|
| 32 | 05 | 169152 | 12/22/06 | 3519 | 1735.42 | | 260.31 | 12/19/06 | 260.31 |
| | | | 12/22/06 | 3521 | 1735.42 | | 260.31 | 12/21/06 | 260.31 |
| | | | 01/19/07 | 3528 | 1735.45 | | 260.31 | 01/18/07 | 260.31 |
| | | | 02/02/07 | 3531 | 1735.42 | | 260.31 | 02/01/07 | 260.31 |
| | | | 02/16/07 | 3535 | 1735.42 | | 260.31 | 02/15/07 | 260.31 |
| | | | 03/02/07 | 3539 | 1735.42 | | 260.31 | 03/02/07 | 260.31 |
| | | | 03/16/07 | 3543 | 1735.42 | | 260.31 | 03/15/07 | 260.31 |

MESSAGE    NO MORE WORKSHEETS ON FILE                    PA02 = END
NEXT CONVERSATION

2 0



**CHICAGO PUBLIC SCHOOLS**
**P.O. BOX 09003**
**CHICAGO, ILLINOIS 60609**

DATE: November 21, 2007
PAY RUN ID: ES20071117-0400199181
CHECK NUMBER: 400199181

PAY PERIOD : 11/04/07-11/17/07
LANE/GRADE: G09
STEP: 09



լիլ,իլ,,,,Illl,,,,, Illl,,Iull,,Illl,,,,,Ill,,,Illl,,,Iull,,,Ill,,,Ill
U4102 CKS L8 07323 - 04001TTLA1 NNNN 3235100001002 X371A1 C
**REINA MARIA CABRERA**
**4153 N WESTERN**
**CHICAGO IL 60618-2813**

| EMPLOYEE ID: | 000006791 |
|---|---|
| TIME CURRENT: | 72.50 |
| OVERTIME: | 0.00 |

YTD TOTAL GROSS:  $48,632.14
YTD TAXABLE GROSS: $40,350.29
MAIL DROP/DEPT/JOB CODE: 00241/24401/000468

| POSITION/EARN TYPE | HOURS | AMOUNT/ADJ. | ADJ. PP |
|---|---|---|---|
| 147760/Holiday | 7.25 | 228.87 | |
| 147760/Reg Earns | 58.00 | 1830.98 | |
| 147760/Sick Pay | 7.25 | 228.87 | |

| TAXES/DEDUCTIONS/NET | | CURRENT | YTD |
|---|---|---|---|
| United Health HMO Family | | 44.67 | 1020.96 |
| CPS Pension Plan | | 37.53 | 852.84 |
| Deferred Pay 38.6 Week Em | | 501.76 | 2910.21 |
| Fed Withholdng | S01 | 234.92 | 5632.25 |
| IL Withholdng | 01 | 48.84 | 1155.18 |
| Combined Charities | | 2.00 | 46.00 |
| Garnishment-Writ | | 219.85 | 31615.52 |
| CTU C/S Dues | | 19.12 | 439.76 |
| Universal Life | | 11.85 | 213.30 |
| Basic Life Employer Paid | | 0.00 | 59.25 |
| Salary Advance Payback | | 0.00 | 80.89 |

BENEFIT DAYS-------------------------------------
| SCK | 137.50 | SCP | 0.00 | PHD | 2.52 |
|---|---|---|---|---|---|
| VAC | 0.00 | VC1 | 0.00 | VC2 | 0.00 |

| CBOE Pension Contrib | 125.09 | 2842.74 |
|---|---|---|

| *** CURRENT GROSS PAY | $2,288.72 |
|---|---|

| *** CURRENT NET PAY | $1,168.18 |
|---|---|

MESSAGES: The CPS 2008 Benefits Open Enrollment - Begins N
ov. 19, 2007 and Ends Dec. 7, 2007

*Exhibit 27*