IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH CABRERA AND<br>REINA M. CABRERA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Court No. 07 C 6924 |
| v. | )<br>) | The Honorable Joan H. Lefkow |
| CITY OF CHICAGO, *et al.*, | )<br>) | Magistrate Judge Cox |
| Defendants. | )<br>) | |

## **DEFENDANT JUDGES' RULE 12(b)(1)&(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants, Judge Ann Houser, Judge Thomas M. Donnelly (incorrectly sued as Tomas M. Donnelly), and Judge David B. Atkins (hereinafter, collectively referred to as "Defendant Judges"), by their attorney, LISA MADIGAN, Illinois Attorney General, hereby move this Honorable Court pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6) to dismiss Plaintiffs' Complaint against them for lack of jurisdiction and for failure to state a claim upon which relief can be granted.  In further thereof, the Defendant Judges state as follows:

1. *Pro se* Plaintiffs filed a thirteen count Complaint against numerous defendants alleging violations of their civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 and RICO, as well as claims for mail fraud and malicious prosecution.  (Complaint, pg. 2.)

2. The Defendants include Judge Houser, Judge Donnelly, and Judge Atkins, who, in their official capacities as Illinois Circuit Court judges, presided over various garnishment proceedings stemming from a 1999 default judgment entered against

Plaintiffs by a judge not a party to this suit in a lead paint abatement action brought by the City of Chicago. (Complaint.)

3. Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

4. Plaintiffs' Complaint does not state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to articulate any substantive claims or the relief sought against any of the Defendant Judges.

5. To the extent that Plaintiffs are seeking injunctive relief against the Defendant Judges in their official capacities, this is specifically prohibited by the language of Section 1983. See 42 U.S.C. § 1983.

6. The Defendant Judges submit herewith a supporting Memorandum of Law providing in greater detail the reasons why Plaintiffs' Complaint should be dismissed.

WHEREFORE, for the foregoing reasons, Defendant Judges Ann Houser, Thomas M. Donnelly, David B. Atkins respectfully move this Honorable Court to dismiss Plaintiffs' Complaint against them in its entirety and with prejudice.

LISA MADIGAN
Illinois Attorney General

Respectfully submitted,

/s/ Kathleen L. Ford
KATHLEEN L. FORD
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-5160