IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH CABRERA AND REINA M. CABRERA, | ) ) ) | |
| Plaintiffs, | ) ) | Court No. 07 C 6924 |
| v. | ) ) | The Honorable Joan H. Lefkow |
| CITY OF CHICAGO, *et al.,* | ) ) | Magistrate Judge Cox |
| Defendants. | ) ) | |

### DEFENDANT JUDGES' MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS

Defendants, Judge Ann Houser, Judge Thomas M. Donnelly (incorrectly sued as Tomas M. Donnelly), and Judge David B. Atkins (hereinafter, collectively referred to as "Defendant Judges"), by their attorney, LISA MADIGAN, Illinois Attorney General, submit the following Memorandum of Law in support of their Motion to Dismiss:

### BACKGROUND

Plaintiffs, proceeding *pro se,* filed a thirteen count Complaint against numerous defendants alleging violations of their civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 and RICO, as well as claims for mail fraud and malicious prosecution. (Complaint, pg. 2.) The Defendants include Judge Houser, Judge Donnelly, and Judge Atkins, who, in their official capacities as Illinois Circuit Court judges, presided over various garnishment proceedings stemming from a 1999 default judgment entered against Plaintiffs by a judge not a party to this suit in a lead paint abatement action brought by the City of Chicago. (Complaint.) The Defendant Judges are sued in their individual and official capacities. (Complaint, pg. 2.) Specifically, Plaintiffs complain, *inter alia,* that

the seizing of their assets and the garnishment of their wages has "seriously tarnished" their credit and left them in a financial bind. (Complaint, pg. 9.) Plaintiffs demand the "cease and desist of all garnishment" and the return of all money collected from them to date, in addition to 500 million dollars in compensatory damages from both the City of Chicago and Cook County. (Complaint, pg. 9.)

With respect to the Defendant Judges, there is but one allegation directed against Defendant Judge Atkins only; namely, that he refused to review a particular document submitted by Plaintiffs' in open court. (Complaint, ¶ 25.) Aside from this one allegation, there are no other factual allegations against Defendant Judge Atkins or the other Defendant Judges, and none of the thirteen counts in Plaintiffs' Complaint appear to involve the Defendant Judges. Similarly, Plaintiffs' Complaint is also silent on the relief sought against the Defendant Judges. It is presumed, however, for purposes of this motion, that Defendant Judges are named in this action as a result of certain orders (which are attached to Plaintiffs' Complaint), that they entered against Plaintiffs in the garnishment proceedings brought by the City of Chicago. It is also presumed for purposes of this motion that Plaintiffs are seeking the reversal of these orders. For the reasons set forth below, Defendant Judges are entitled to the dismissal of Plaintiffs' claims against them.

## STANDARD OF REVIEW

Defendant Judges move for dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be entertained by the court at any time, because "jurisdiction is the 'power to declare law' and without it

the federal courts cannot proceed." *Wernsing v. Thompson,* 423 F.3d 732, 743 (7th Cir. 2005), *quoting Hay v. Ind. State Bd. of Tax Comm'rs,* 312 F.3d 876, 879 (7th Cir. 2002). Until recently, courts followed the canonical rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 335 U.S. 41, 45-56 (1957). In *Bell Atlantic Corp. v. Twombly,* 550 U.S ___, 127 S.Ct. 1955, 1964-1969 (2007), however, the United States Supreme Court rejected this principle and announced new pleading standards under the federal rules. The court held that "while, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out *in detail* the facts upon which he bases his claim…Rule 8(a)(2) still requires a 'showing', rather than a blanket assertion, of entitlement to relief." *Id*. at 1969, n. 3. (Emphasis within). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 1964-1965 (citations omitted).

**A.     This Court Lacks Jurisdiction Over Plaintiffs' Claims Against Defendant Judges Pursuant to the Rooker-Feldman Doctrine.**

This court lacks subject matter jurisdiction over Plaintiffs' claims against the Defendant Judges. While it is difficult to discern from Plaintiffs' Complaint the exact basis for their claims, Plaintiffs appear to be attacking orders entered by the Defendant Judges against Plaintiffs during the course of state-court garnishment proceedings. The Rooker-Feldman doctrine bars cases, like the instant action, "…brought by state-court losers complaining of injuries cased by state court judgments rendered before the district

3

court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. b. Saudi Basic Industries Corp.,* 544 U.S. 280, 281 (2005). Lower federal courts lack subject matter jurisdiction to sit in direct review of state court decisions, unless Congress has enacted legislation that specifically authorizes such relief. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

Quite simply, Rooker-Feldman precludes Plaintiffs from appealing decisions of the Defendant Judges in the Illinois Circuit Court to this Court. In order to overturn a state judgment, a party must proceed through the state appellate system and can only seek federal review from the United States Supreme Court. *4901 Corp. v. Cicero,* 220 F.3d 522, 527 (7th Cir. 2000). A plaintiff cannot avoid the jurisdictional doctrine of Rooker-Feldman by simply casting his complaint in the form of a civil rights action. *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir. 1993), cert. denied 126 L.Ed.2d 661 (1994). While it appears that in 2006 Plaintiffs did bring a motion before Defendant Judge Atkins to vacate the 1999 default judgment entered against them by another judge, (see exhibits 10 and 11 attached to Plaintiffs' Complaint), there is nothing to suggest that Plaintiffs ever appealed Defendant Judge Atkins' denial of their motion. Having failed to bring a timely appeal through the Illinois Appellate courts and ultimately to the United States Supreme Court, Plaintiffs have no right to now launch a collateral attack in this Court, which is a Court of original jurisdiction. *Rooker,* 263 U.S. at 416. By requesting that this Court enter an order preventing further garnishment of Plaintiffs wages and ordering the return of all money collected to date, Plaintiffs are undoubtedly seeking to have the Circuit Court orders reviewed, reversed, and remanded. This is clearly prohibited under the

4

Rooker-Feldman doctrine and Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Procedure 12(b)(1).

## II. **Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted**

Plaintiffs Complaint does not state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). As previously noted, Plaintiffs' Complaint does not contain any substantive claims against any of the Defendant Judges. For this reason, Plaintiffs Complaint must be dismissed. Simply invoking the name of a potential defendant is not sufficient to state a claim against that individual. See *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). See also *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998) (a complaint should be dismissed if it fails to "provide the defendant with at least minimal notice of the claim" or if it fails "to include the operative facts upon which a plaintiff bases his claim."). Furthermore, while it is difficult to discern exactly what type of relief Plaintiffs are seeking against the Defendant Judges, to the extent that Plaintiffs are seeking injunctive relief, two additional grounds exist for the dismissal of these claims, as discussed below.[1]

### A. Plaintiffs Fail to State a Claim Under Section 1983 for Injunctive Relief.

To the extent that Plaintiffs are seeking injunctive relief against the Defendant Judges in their official capacities, this is specifically prohibited by the language of Section 1983. Section 1983 specifically provides that "in an action brought against a

---

[1] While it does not appear that Plaintiffs are seeking any damages against Defendant Judges (See Complaint, pg. 9 ¶ B), in the event that they are, Defendant Judges would be entitled to absolute judicial immunity from damages for their judicial conduct. See *Mireles v. Waco,* 502 U.S. 9, 11-12, (1991); *Forrester v. White,* 484 U.S. 219, 225-229 (1988); *Pulliam v. Allen,* 466 U.S. 522 (1984); *Stump v. Sparkman,* 435 U.S. 349 (1978); *Newman v. State of Indiana,* 120 F.3d 937 (7th Cir. 1997). In addition, any claims for damages against Defendant Judges in their official capacities would also be barred by the Eleventh Amendment. *Stevens v. Umsted,* 131 F.3d 697 (7th Cir. 1997) (*citing Vance v. Peters,* 97 F.3d 987, 990 (7th Cir. 1996)).

judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiffs have not alleged that Defendant Judges violated any declaratory decrees or that declaratory relief was unavailable, any claims they may have against Defendant Judges for injunctive relief must fail.

### 1.     Plaintiffs have failed to state a claim for mandamus relief.

Plaintiffs are seeking, in part, the "return of all money collected up to date plus interest." To the extent that Plaintiffs are seeking an order from this Court requiring the Defendant Judges to in turn order the City of Chicago to return to Plaintiffs the money collected in satisfaction of Plaintiffs' default judgment, Plaintiffs would be seeking a writ of mandamus. This is a form of injunctive relief barred by Section 1983, as noted above.

Mandamus is an extraordinary remedy. "A party seeking a writ of mandamus shoulders the burden of showing that a right to relief is clear and undisputable." *Banks v. Secretart of the Ind. Family and Social Serv. Admin.,* 997 F.2d 231, 244 (7th Cir. 1993). As such, the Seventh Circuit has explained that this means that "mandamus jurisdiction is only available under exceptional circumstances of clear illegality." *Id.* (Internal quotations omitted.); *Allgood v. City of Chicago,* 2006 WL 2682302 * 4 (N.D. Ill. 2006). "A writ of mandamus will not lie to direct the manner of performance of an action which requires the exercise of discretion." *Dadian v. Village of Wilmette,* 1999 WL 299887 (N.D. Ill. 1999), *citing Freeman v. Lane*, 129 Ill.App.3d 1061, 1063, 473 N.E.2d 584, 585 (3d Dist.1985). In fact, a writ of mandamus is only "available where the duty is non-discretionary, or ministerial, and where the petitioner has shown a clear right to relief requested." *Id.* Mandamus "should not be used in doubtful cases; if there is evidence to

6

support the official action, the writ must be refused." *Holland v. Quinn*, 67 Ill.App.3d 571, 573, 24 Ill.Dec. 325, 385 N.E.2d 92 (1st Dist.1978).  Mandamus jurisdiction can be invoked when: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to perform; (3) no other adequate remedy is available.  *Blaney v. United States,* 34 F.3d 509, 312 (7th Cir. 1994).

Here, Plaintiffs' Complaint fails to establish the required elements for a writ of mandamus.  First, Plaintiffs have failed to plead any facts that establish they have a "clear right" to have the money that was collected returned to them with interest.  Second, Plaintiffs fail to name any defined, non-discretionary duties that the Defendant Judges had a clear duty to perform.  Lastly, Plaintiffs have not demonstrated that there is no other adequate remedy available to them.  Therefore, any claim for mandamus relief against the Defendant Judges must be dismissed.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant Judges Ann Houser, Thomas M. Donnelly, David B. Atkins respectfully move this Honorable Court to dismiss Plaintiffs' Complaint against them in its entirety and with prejudice.

LISA MADIGAN  
Illinois Attorney General

Respectfully submitted,

/s/ Kathleen L. Ford  
KATHLEEN L. FORD  
Assistant Attorney General  
General Law Bureau  
100 W. Randolph St., 13th Fl.  
Chicago, Illinois 60601  
(312) 814-5160