UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ralph Cabrera, | ) | |
| Reina M. Cabrera, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6924 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| City of Chicago Corporation Counsel | ) | |
| Mara S. Georges | ) | Magistrate Judge Cox |
| Myriam Zreczny Kasper | ) | |
| Benna Ruth Solomon | ) | |
| Brian L. Crowe | ) | |
| Torrick Ward | ) | |
| Demetris Kare | ) | |
| Joe Romano | ) | |
| Scott Sachnoff | ) | |
| Suite 800, 30 North LaSalle Street | ) | |
| Chicago, Illinois 60602 | ) | |
| | ) | |
| Baker, Miller, Markoff & Kransy | ) | |
| 29 n. Wacker Drive, 5th floor | ) | |
| Chicago, IL 60606 | ) | |
| | ) | |
| Officer Case Czynowski # 13089 | ) | |
| COOK COUNTY Sheriff Department | ) | |
| 50 W. Washington, room 701 | ) | |
| Chicago, IL 60606 | ) | |
| | ) | |
| Assoc Judge Ann Houser | ) | |
| Assoc judge Tomas M. Donnelly | ) | |
| Judge David Atkins | ) | |
| Clerk of the Circuit Court | ) | |
| 50 W Washington, Room 602 | ) | |
| Richard J. Daley Center | ) | |
| Chicago, IL 60602 | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant COOK COUNTY SHERIFF THOMAS DART, through his attorney, RICHARD A. DEVINE, State's Attorney of Cook County, by Jamie M. Sheehan, his Assistant State's Attorney, hereby and moves this Honorable Court to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Procedure 12(b)(6). In support thereof, Defendant states as follows:

### INTRODUCTION

Plaintiffs, proceeding *pro se,* filed a thirteen count Complaint against numerous defendants alleging violations of their civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 and RICO, as well as claims for mail fraud and malicious prosecution. (Complaint, pg. 2.) The Defendants include the Cook County Sheriff's Department. Plaintiffs allege that an employee of the Sheriff's Department committed perjury when he testified that he in fact personally served plaintiffs with summons related to a 1999 lead paint abatement action brought by the City of Chicago. (Complaint.) Specifically, Plaintiffs complain, *inter alia,* that that the officer never did effectuate service of the summons and that as a result of the misrepresentation their assets were seized and their wages garnished which has seriously tarnished impacted their credit left them in a financial bind. (Complaint, pg. 9.) Plaintiffs demand the cease and desist of all garnishment and the return of all money collected from them to date, in addition to 500 million dollars in compensatory damages from both the City of Chicago and Cook County. (Complaint, pg. 9.)

With respect to Defendant Sheriff Thomas Dart, there are no allegations of any personal involvement by him, and the only theory by which plaintiffs seek to hold him liable is *respondeat superior* as the employer of the officer alleged to have testified falsely regarding

service of summons. For the reasons set forth below, Defendant Cook County Sheriff's Department/ Cook County Sheriff Thomas Dart is entitled to the dismissal of Plaintiffs' claims against him.

## STANDARD OF REVIEW

Under Rule 12(b) (6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set off facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984)).  In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Board of Education*, 811 F. 2d 1030 (7th Cir. 1987).  The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997).  However, it should be noted that "litigants" may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt,* 153 .3d 516, 519 (7th Cir. 1998).

## ARGUMENT

*The Complaint Fails to Sufficiently Allege a Custom or Practice of the Defendant.*

Plaintiff's Complaint names the Cook County Sheriff's Department as a defendant. Thus it would appear that Sheriff Thomas Dart is being sued in his official capacity.  Claims filed against government officers in their official capacities are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).  Because section 1983 does not recognize the theory of respondeat superior as a basis for liability, in order to succeed on an official capacity claim under section 1983, a plaintiff must allege that he

suffered injuries of a constitutional magnitude as the direct result of an official policy, custom, or practice. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Locating a "policy" ensures that a municipality is liable only for those deprivations resulting from decisions of those officials whose acts may be said to be those of the municipality. *County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1388 (1997); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). An act performed pursuant to a "custom" that has not been formally approved by a decision maker may subject a municipality to liability if it is so widespread as to have the force of law. *Id*.; *Strauss v. City of Chicago*, 760 F.2d 765, 768-69 (7th Cir. 1985).

The Seventh Circuit has established the following as a predicate to establishing official capacity liability in § 1983 actions:

> The case law has identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policy making authority."

*Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)(citations omitted). However, a section 1983 plaintiff must also demonstrate that, through its own deliberate conduct, the municipality was the "moving force" behind the injury alleged. *Bryan County*, 117 S.Ct. at 1388. That is, plaintiff must allege that the municipal action was taken with the requisite degree of culpability and establish a causal link between the action and the deprivation of a federal right. Where, as here, a plaintiff claims that the municipality has not

directly inflicted an injury, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of an employee. *Id*. at 1389.

Plaintiff does not allege that a formal policy, ordinance or regulation was in force, which resulted in any injury to Plaintiff. Further, he does not contend that his injuries were inflicted as a result of a decision of an individual with final policy making authority. Instead, he merely names the Cook County Sheriff as a defendant based on its alleged employment of a different defendant. There are no allegations whatsoever that Dart committed any wrongful act(s) or damages to Plaintiff. Thus, Plaintiff's allegations are insufficient to state a claim. *See Aguire v. Hansen*, 1998 U.S. Dist. LEXIS 15728, *3-6 (Sept. 29, 1998).

In the absence of an express policy or allegations involving an injury caused by a person with final policy making authority, the plaintiff must assert a "widespread" practice which is so permanent and well settled as to constitute a custom. *Robles v. City of Fort Wayne*, 113 F.3d 732, 737 (7th Cir. 1997). However, Plaintiff has completely omitted any reference to a pattern of similar violations. A single incident by an employee depriving an individual of a right under the Constitution will not suffice. *See Gustafson v. Jones*, 117 F.3d 1015, 1021-22 (7th Cir. 1997). Without more, this purported allegation is nothing more than a sweeping legal conclusion unsupported by any reference to an unconstitutional custom or practice. *See generally Aguire*, 1998 U.S. Dist. LEXIS, *5.

A failure to adhere to stringent culpability and causation standards raises serious federalism concerns revealing that any lesser standard would permit section 1983 plaintiffs to interpose municipal liability on a *de facto respondeat superior* basis, as proscribed by *Monell*. *See generally Bryan County*, 117 S.Ct. at 1394; *Palmquist*, 111 F.3d at 1346.

Plaintiff's failure to outline a viable Section 1983 *Monell* claim is crucial despite the Supreme Court ruling in *Leatherman v. Tarrant Cty. Narcotics Unit*, 507 U.S. 163 (1993) and *McComick v. City of Chicago*, 230 F.3d 319, (7th Cir. 2000). The *Leatherman* and *McCormick*, cases reaffirmed the Federal Rules liberal pleading standard in a civil rights action brought under section 1983. However, the plaintiff still has the burden to satisfy certain minimal pleading requirements. That is, the plaintiff is required to satisfy the pleading requirements consistent with *Monell*. *Moore v. Yost*, 1993 U.S. Dist. LEXIS 4287, at *6, 1993 WL 101720 (N.D. Ill. April 2, 1993). Under the *Monell* theory, plaintiff must not only allege that a constitutional deprivation was proximately caused by a municipal policy, custom, or practice, but also the grounds upon which the claim rests. *Id.* Plaintiff must set forth some factual basis for his section 1983 claim, keeping in mind that claims based on wholly conclusory allegations of a *de facto* policy constitute one of the most prevalent forms of abuse in section 1983 actions. *Anthony v. Deputy Sheriff Larson*, 1994 U.S. Dist. LEXIS 17066 (N.D. Ill. November 17, 1994), *citing Rodgers v. Lincoln Towing*, 596 F.Supp. 13, 20 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985); *see Gustafson v. Jones*, 117 F.3d at 1021-22 (discussing *Leatherman* notice pleading under section 1983 and *Bryan County*). A plaintiff's assertions must be made with sufficient particularity to orient the defendant to the basic nature of the plaintiff's injuries. *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d at 736.

Plaintiff's Complaint is woefully inadequate and fails to meet even the minimal requirements to state a claim. As such it should be dismissed.

    **2.**    ***Plaintiff's Complaint Fails to Establish an Individual Capacity Claim.***

As stated above, it would appear that Sheriff Dart is being sued under a *respondeat superior* theory. However, assuming arguendo that the instant action is brought against Sheriff

Dart in his individual capacity it should be dismissed because it fails to allege any individual capacity claims against him. The subject complaint is void of any facts to sustain allegations of claims against Sheriff Dart in his individual capacity. To prove an individual capacity claim, the plaintiff must prove two elements: (1) that the defendant was acting under color of state law; and (2) that the conduct of the defendant deprived the plaintiff of his federal rights. *Procopio v. Johnson*, 994 F.2d 325, 328 (7th Cir. 1993). Plaintiff must prove that the particular defendant sued, caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982)(citations omitted). The Seventh Circuit reaffirmed the requisite direct participation requirement to state an individual capacity claim. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). The plaintiff must show that the defendant knowingly, willfully or at least recklessly caused an alleged deprivation by their own action or failure to act. *Rascon v. Handiman*, 803 F.2d 269, 274 (7th Cir. 1986).

Clearly, in the instant case, there are no facts alleged in Plaintiff's Complaint that could prove that Sheriff Dart acted intentionally or with recklessness. Allegations must be substantive and go beyond merely placing a defendants name in the caption of the complaint, *Potter v. Clark*, 497 F.2d 1206, 1207-8, (7th Cir. 1974), and they must go beyond what a defendant should have known. *Pacelli v. DeVito*, 972 F.2d 871, 875 and 878 (7th Cir. 1992).

Defendant Sheriff Dart is entitled to qualified immunity if he is sued in his individual capacity. See *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106 (1985). Governmental officials performing discretionary functions have qualified immunity from civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). The plaintiff bears the burden of proving the violation of a clearly

established constitutional right. *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988), *cert. Denied* 488 U.S. 968 (1988). The Seventh Circuit has interpreted the phrase "clearly established" to mean that the right must be sufficiently particularized to put potential defendants on notice that their conduct probably is unlawful. *Colaizzi v. Walker*, 812 F.2d 304, 308 (7th Cir. 1987) quoting *Azeez v. Fairman*, 795 F.2d 1296, 1301 (7th Cir. 1986).

## CONCLUSION

**WHEREFORE**, Defendant Sheriff Dart, based upon the above, respectfully requests this Honorable Court to dismiss Plaintiff's Complaint.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County

By:     S: / Jamie M. Sheehan
        Jamie M. Sheehan
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-6772