**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RALPH CABRERA and** | ) | |
| **REINA CABRERA** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 07 C 6924** |
| | ) | |
| **v.** | ) | **Judge Joan H. Lefkow** |
| | ) | |
| **THE CITY OF CHICAGO, et al** | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANTS' MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS**

Defendants Mara S. Georges, Myriam Zreczny Kasper, Benna Ruth Solomon, Brian L. Crowe, Torrick Ward, Demetris Kare, Joe Romano, and Scott Sachnoff (collectively the foregoing defendants shall be referred to as "City Attorneys", or individually by their last name) submit this Memorandum by and through one of their attorneys, Thomas M Leinenweber, in support of their Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b).

**STANDARDS FOR MOTION TO DISMISS**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court accepts as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448,454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff cannot satisfy federal pleading requirements

merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

**PLAINTIFFS' COMPLAINT**

Plaintiffs filed a 12 count Complaint[1] against numerous defendants; broadly claiming violations of their civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 ("Civil Rights"); and inferring actions based on mail fraud, RICO, and malicious prosecution. Complaint Exhibit 1) The genesis of the Complaint derives from a 1999 lawsuit filed by the City of Chicago's ("City") against Plaintiffs in the Circuit Court of Cook County, Illinois ("Circuit Court") to enforce the City of Chicago's Housing Ordinance ('Lawsuit"). (*See generally*: Exhibit 1, Complaint). City Attorneys represented the City in the Lawsuit and initiated and prosecuted the Lawsuit on behalf of the City. The Complaint generally levels Civil Rights violations and malicious prosecution charges against certain of the City Attorneys for conduct arising in the course of their prosecution of the Circuit Court Case and seeks to recover $500,000.000.00 in damages.[2]

The following summarizes the several counts of the Complaint that implicate a cause of action against the City Attorneys.

- Counts 1 and 4 allege that in 1999 and 2000 City Attorney Georges violated Plaintiffs' Civil Rights by submitting false documents to the Circuit Court to

---

[1] The Complaint identifies 13 counts; however there is no count number two (2). This motion shall refer to numbered the counts of the Complaint as ascribed in the Complaint

[2] The Complaint also asks the district court to enjoin further proceedings in the Lawsuit and to direct a return of the judgment award paid to the City in satisfaction thereof. (Complaint p. 9 - Exhibit 1) The foregoing relief; however appears directed to other defendants in the Complaint as City Attorneys generally have no authority, control or means to restrain the City in the Lawsuit or compel the City to return amounts it collected in satisfaction of the judgment..

obtain one or more judgments against them in the Lawsuit. (Complaint ¶¶ 32 and 34 - Exhibit 1)

- Count 3 is a narration of facts involving the calculation of interest on the Lawsuit judgment and presumably connected to Counts 1 and 4; however no cause of action is plead nor is wrongdoing alleged. (Complaint ¶ 33- Exhibit 1)
- Count 5 alleges City Attorneys Romano and Sachnoff violated Plaintiffs' Civil Rights by offering to settle the Lawsuit with them. (Complaint ¶ 35- Exhibit 1)
- Count 6 alleges City Attorney Romano violated Plaintiffs' Civil Rights by asking one of the Plaintiffs a question as to "his whereabouts and place of residents" in a hostile manner. (Complaint ¶ 36- Exhibit 1)
- Counts 7 alleges City Attorney Romano violated Plaintiffs' Civil Rights by standing next to a witness while the witness testified during a judicial proceeding (Complaint ¶ 37- Exhibit 1);
- Presumably in connection with Count 7; Count 8 claims City Attorney Romano engaged in an act of malicious prosecution and violated Plaintiffs' Civil Rights by having knowledge of perjured testimony (Complaint ¶ 38 - Exhibit 1).

Significantly, the Complaint does not bring any actionable claims against City Attorneys Kasper, Solomon, Crowe, Ward, and Kare. (*See generally*: Complaint).

**CITY ATTORNEYS HAVE ABSOLUTE IMMUNITY AND THE CLAIMS AGAINST THEM SHOULD BE DISMISSED.**

City Attorneys are entitled to absolute immunity from suit for their conduct in the Lawsuit and City Attorneys should be dismissed from the Complaint. Absolute immunity extends to City Attorneys' conduct in connection with civil proceedings as long they were "functioning in an enforcement role analogous to" a prosecutor's role in criminal

proceedings. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003); .*Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir.1995); *accord Butz v. Economou*, 438 U.S. 478, 515-16, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978) (absolute immunity protects federal agency officials who instituted administrative proceedings); *See: Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000*)* (absolute immunity protects prosecutor for filing public nuisance action and civil forfeiture complaint); 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. §§ 1983 and 1985. "Moreover, absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith*, 346 F.3d at 742, quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

As the Complaint plainly shows, City Attorneys are immune from Plaintiffs'' claims in that the Complaint (i) seeks damages from City Attorneys (Complaint pg.9); (ii) is based on claims that arose in, and confined to their role as prosecutors in the City of Chicago's judicial enforcement against Plaintiffs of the City's Housing Ordinance; and (iii) provides no facts to show a City Attorney acted outside the scope of his or her prosecutorial duties. *See*: *Smith*, 346 F.3d at 742; *Mendenhall* 59 F.3d at 691. Therefore, City Attorneys Georges, Romano and Sachnoff (as well as all the other City Attorneys) have absolute immunity from Plaintiffs' lawsuit, and Counts 1, 4, 5, 6 and 8, and all such other counts Plaintiffs that presume to charge an action against one or more of the City Attorneys, are properly dismissed.

**CIVIL RIGHTS ACTIONS AGAINST CITY ATTORNEYS ARE BARRED BY THE STATUTE OF LIMITATIONS**

Dismissal under Rule 12(b)(6) on the basis of a limitations defense is appropriate when the plaintiff effectively pleads themselves out of court by alleging facts that are

sufficient to establish the defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)).Claims under Sections 1983 and 1985 are governed by the statute of limitations for personal injury claims in the state where the injury occurred. *Hoagland v. Town of Clear Lake*, 415 F.3d 693, 699-700 (7th Cir. 2005); *Palmer v. Bd. of Educ. of Cmty. Unit Sch. Dist. 201-U, Will County, Ill.*, 46 F.3d 682, 684 (7th Cir. 1995). In Illinois, the statute of limitations for such claims is two (2) years. *Id*; *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002); 735 ILCS 5/13-202.

Here the Complaint squarely places the core of the alleged civil rights violations, which give rise to Plaintiffs' claims and injuries, well outside the 2 year limitations period. Complaint ¶¶ 31-34. Under federal law, Section 1983 and 1985 claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir. 1992). To determine the accrual date of a civil rights case is to first identify the injury, and next, the date when the plaintiff could have sued for that injury. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). This date "should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Id*.

In this instance, the claims and injuries alleged emanate from the acts of City Attorneys in connection with the securing of the judgment against Plaintiffs in 1999 or 2000. (Complaint ¶¶ 18, 31 - 34). It is likewise abundantly clear that Plaintiffs knew or should have known of their rights had been violated at these times. Between 1999 and 2006, Plaintiffs engaged in numerous judicial and administrative proceedings to address and secure a remedy for the very same injury alleged in the Complaint, including filing

an appeal to enjoin enforcement of the City's judgment award and engaging in several hearings to secure an order to overturn the judgment. (Complaint ¶¶ 18–29, 31-43). Thus Plaintiffs claims exceed the applicable limitations period and the Complaint against the City Attorneys should be dismissed.

**THE MALICIOUS PROSECUTION ACTIONS EXCEED STATUTE OF LIMITATIONS**

The statute of limitations for malicious prosecution actions in Illinois is two-years. 735 ILCS 5/13-202; *Jackson v Edelman*, 281 Ill.App.3d 256 (1996); *Withall v Capital Federal Savings of America*, 155 Ill.App.3d 537 (1987) (§13-202 covers any action for tortious use of legal process). Further constricting the statute of limitations is that Illinois local governmental entities and their employees are protected by a one-year statute of limitations for state-law "civil actions" against them. 745 ILCS 10/8-101; *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). The statute states in pertinent part: "No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued" 745 ILCS 10/8-101. Thus, a plaintiff must file his state-law claim for malicious prosecution within one year from the date that the injury occurred or the cause of action accrued. Under Illinois law, the one-year clock starts running on a malicious prosecution claim once the state proceedings are terminated in the plaintiff's favor. *See Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1259 (N.D. Ill. 1995); *Ferguson v. City of Chi.*, 213 Ill. 2d 94 (2004).

Aside from failing to meet the threshold burden of showing the state proceedings were terminated in the plaintiff's favor, the alleged conduct giving rise to the malicious prosecution action occurred on January 11, 2006; a date that exceeds the one-year

limitations period. Based on the foregoing, Plaintiffs' malicious prosecution claims should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(6)

**THE ROOKER-FELDMAN DOCTRINE COMPELS DISMISSAL OF THE COMPLAINT (RULE 12(b)(1))**

The Complaint asks the district court to enjoin the Lawsuit and direct the City to forfeit and return to Plaintiffs the judgment amount collected.[3] Such relief however, amounts to an appeal to the district court to set aside the Circuit Court's judgment in the Lawsuit and invokes what is commonly referred to as the *Rooker-Feldman* doctrine. In *Rooker v. Fidelity Trust Co*, the Supreme Court mandated that district courts do not have subject-matter jurisdiction to hear claims which are inextricably intertwined with a prior state judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923); *Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006); *Wright v. Tackett,* 39 F.3d 155, 157 (7th Cir. 1994). More pointedly, the *Rooker-Feldman* doctrine "applies to cases brought by state court losers complaining of injuries caused by state court judgments… inviting district court review and rejection of these judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *See Gash Associates v. Village of Rosemont, Illinois,* 995 F.2d 726, 728 (7th Cir. 1993) (federal court lacked jurisdiction when plaintiff alleged injury arising from filing of condemnation suit and separate judgment confirming sale of property). *See also Ritter v. Ross,* 992 F.2d 750, 754 – 755 (7th Cir. 1993) (*Rooker-Feldman* doctrine barred litigation when plaintiff's injuries stemmed from possible erroneous judgments).

[3] As mentioned earlier in this Memorandum, City Attorneys' position is they lack the requisite authority to comply with an order to enjoining further proceedings in the Lawsuit.

In this case, Plaintiffs' alleged injuries flow directly from the judgment of the Circuit Court and thus implicate the *Rooker-Feldman* doctrine thereby depriving the district court of subject matter jurisdiction over the Complaint. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction of this court.

**THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CITY ATTORNEYS GEORGES, ROMANO AND SACHNOFF**

From a pleading perspective, the Complaint is wholly deficient, which to a certain limited degree can be excused due to Plaintiffs' lack of legal representation; however, the Complaint's core factual allegations amount to bare legal conclusions to narrated facts which fail to outline the bases of their claims. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Simply attaching bare legal conclusions to narrated facts, which fail to outline the bases of a claim, does not satisfy federal pleading requirements. *Perkins*, 939 F.2d at 466-67. Specifically:

(a) Counts 1 and 4 the Complaint claim City Attorney Georges violated Plaintiffs' Civil Rights by submitting "false documents" to the Circuit Court; however the Complaint fails (i) identify the "false documents" that was submitted; (ii) provide a description of the alleged false information or (iii) any facts to show the information was false. (Complaint ¶¶ 32 and 34);

(b) Count 3 does not allege a claim (Complaint ¶ 33);

(c) In Counts 5 and 6 Plaintiffs bring their Civil Rights actions to bear on City Attorneys Romano and Sachnoff for basically engaging in verbal discourse with them. (Complaint ¶¶ 35 and 36)

(d) In Counts 7 and 8 Plaintiffs allege a Civil Rights claim against Romano for essentially standing next to a witness who presumably gave false testimony in the Lawsuit, which Romano presumably knew to be false. (Complaint ¶¶ 37 and 38)

Hence, while plaintiffs make clear in their complaint what their legal claims are, they fail to identify the grounds upon which these claims are based or otherwise establish some connection between the factual allegation and their claims. This they must do, even under the liberal notice pleading of Rule 8(a). *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Fed. R. Civ. P. 8(a)

**COMPLAINT FAILS TO STATE A CLAIM AGAINST CITY ATTORNEYS FOR MALICIOUS PROSECUTION**

The Complaint purports to bring an action for malicious prosecution against City Attorney Romano because he allegedly knew a witness in the Lawsuit had given false testimony to the Circuit Court. (Complaint ¶ 38) In order to state a cause of action for malicious prosecution, a plaintiff (former defendant) must allege facts establishing (1) the institution of civil proceedings by the defendant (former plaintiff), (2) termination of these proceedings in favor of the plaintiff (former defendant), (3) lack of probable cause for the proceedings, (4) malice on the part of the defendant (former plaintiff) in bringing the proceedings, and (5) special injury to the plaintiff (former defendant) as a result of the action. *See, e.g., Ross v. Mauro Chevrole*t, 369 Ill.App.3d 794, 861 N.E.2d 313, 308 Ill.Dec. 248 (1st Dist. 2006). *Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995).

Aside from an utter lack of facts to support the majority of the required elements for an action in malicious prosecution, it is patently clear from the Complaint that the Lawsuit, which gives rise to Plaintiffs' malicious prosecution action, did not terminate in

favor of Plaintiffs. Accordingly, on this basis alone, Plaintiffs cannot state a cause of action for malicious prosecution and their action should be dismissed.

**THE COMPLAINT FAILS TO STATE A CLAIM AGAINST CITY ATTORNEYS KASPER, SOLOMON, CROWE, WARD, AND KARE**

The Complaint provides no facts to support an actionable claim against City Attorneys Kasper, Solomon, Crowe, Ward, and Kare nor does it charged any one of them with wrongdoing. *See* Complaint ¶¶ 18 and 28 – Exhibit 1. Accordingly, City Attorneys Kasper, Solomon, Crowe, Ward, and Kare should be dismissed from the Complaint. *See: Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption"); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed").

**CONCLUSION**

Based on the foregoing arguments, City Attorneys respectfully request the Complaint against all of them be dismissed, with prejudice.

Respectfully submitted,

s/Thomas More Leinenweber
Thomas More Leinenweber

Thomas More Leinenweber
Leinenweber & Baroni, LLC
321 South Plymouth Court, Suite 1515
Chicago, Illinois 60604
312-663-3003