IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH CABRERA and REINA CABRERA, | ) ) ) | |
| Plaintiffs, | ) ) | Judge Joan H. Lefkow |
| v. | ) ) | No. 07 cv 6924 |
| THE CITY OF CHICAGO, et al., | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs' motion for appointment of counsel is denied without prejudice [#25]. Plaintiffs' motion for leave to proceed *in forma pauperis* is denied as moot [#30]. Plaintiffs' motion to amend and supplement their complaint [#21] is granted and defendants Kasper, Crowe, Ward, Kare, Cook County Sheriff Department, Houser, Donnelly, Atkins, and Clerk of the Circuit Court are dismissed. The motion to dismiss filed by defendants Houser, Donnelly, and Atkins [#7] is denied as moot as is the motion to dismiss [#11] filed by defendant Cook County Sheriff Department. The motion to dismiss [#26] filed by certain remaining defendants, including Romano, Sachnoff, and Georges, will stand. Plaintiffs are given until May 17, 2008 to respond to that motion to dismiss. If they do not respond by that date, the amended complaint will be dismissed and this case will be terminated. Should the complaint survive the motion to dismiss, plaintiffs may then file a proper motion for appointment of counsel.

Plaintiffs, Ralph and Reina Cabrera, filed a *pro se* complaint in this court on December 10, 2007. They allege violations of their federal and state constitutional rights, violations of

their civil rights under 28 U.S.C. §§ 1983, 1985 and 1988, RICO claims, and various other state statutory and common law claims. Now before the court are their motion for appointment of counsel [#25] and their application for leave to proceed *in forma pauperis* [#30].

The Cabreras' original complaint is largely incomprehensible. Its twelve counts merely set out a factual allegation and then assert that the defendants have therefore violated a string of cited laws. For example, Count 11 states as follows:

> When the City of Chicago Corporation counsel and attorneys Baker, Miller, Markoff & Krasny, sent there Wage Deduction Notice to the plaintiff(B) (than defendants) place of employment, the Chicago Public School on August 09 2005. By way of FIRST CLASS MAIL. They committed thus far 48 individual violations under the RICO Act for MAIL FRAUD, and/or WIRE FRAUD (Violating 18 USCS § 1341, 18 USCS § 1691, 18 USCS § 1343, 18 USCS § 1961, 29 USCS § 1111, 18 USCS § 1341 n14, n28, n46, n31, n112, n136. (42 U.S.C. § 1985 (3)), 42 U.S.C. § 1983) (42 U.S.C. § 1982,) 18 U.S.C. § 1001, 720 ILCS 5/33-3(a), (b), (c), (d). 42 U.S.C. § 1983, 1985, 28 U.S.C.S. § 1343(a) (1, 2, 3, 4.), 18 U.S.C.S. § 1963(a)(1)(2). 820 ILCS 115/9.(5). (Cite) silk worth V United States (1926, ca2 NY) 10 F2d 711 cert den (1926). US v. Potter (1971 cas mo) 441 F2d 1204, Armstrong v. US (1933 ch 10 nm) 65 F.2d 853, CHICAGO TRIBUNE METRO section 2 page 3 January 30 2007. (See Exhibit 21, 22).

The court has, with some difficulty, been able to glean the following understanding of the allegations from the complaint and other documents filed in the case. According to the Cabreras, their troubles began in 1999 when the City of Chicago filed a lawsuit against them to enforce its Housing Ordinance. A "Lead Abatement Summons [was issued] ... for the amount claimed[,] $8,400." Defendant Mara Georges (who is currently Corporation Counsel for the City) changed the amount of the City's claim to $50,000 by forging or otherwise falsifying official documents and submitting them to an Illinois state court in an *ex parte* proceeding. The City was granted a lead paint abatement order in the amount of $50,000 and interest of over $26,000 has now accrued on that amount. In 2005, Reina Cabrera's wages began to be garnished to satisfy the

judgment. Around the same time, the Cabreras' bank turned over all of their money (including money held in their children's savings accounts) in response to a citation to discover and turn over assets. Defendant Baker, Miller, Markoff and Krasny, a law firm representing the City, sent the wage deduction order to Reina Cabrera's employer and the citation to discover and turn over assets to the Cabreras' bank.

The Cabreras moved in Illinois state court in 2005 to set aside the 1999 judgment based on arguments that they did not own the relevant property at the time and they were never served with summons or a complaint. Officer Czynowski testified in that proceeding (with defendant Joe Romano (a City attorney) standing next to him, and defendant Scott Sachnoff (another City attorney) also participating) that he personally served Ralph Cabrera at his home on June 28, 1999 at 1:45 p.m. The Cabreras' motion to vacate the judgment was denied and an appeal was dismissed for lack of jurisdiction. The Cabreras also allege that during the course of these proceedings, Romano interrogated them about their place of residence.

In their original complaint, the Cabreras named sixteen defendants, including several state court judges and the Cook County Sheriff's Department. Various defendants have filed three different motions to dismiss. The Cabreras filed a motion to amend and supplement their complaint (Dkt. No. 21),[1] a motion for appointment of counsel (Dkt. No. 25), and an application

---

[1] The Cabreras' proposed amendment would voluntarily dismiss all defendants except for the following seven: Officer Czynowski; City of Chicago Attorneys Georges, Romano, and Sachnoff; the law firm of Baker, Miller, Markoff & Krasny; unknown City attorneys and an unknown process server. The Cabreras also propose to amend the factual allegations in their complaint and their legal claims. Each of the four proposed counts would then begin with the following language:

> In violation of Plaintiffs Constitutional Rights Under the 1st, Amdt Redress of Grievances. 4th, Amdt, Unreasonable Search and Seizures. 8th, Amdt, Infliction Cruel and Unusual Punishment, 14th, Amdt, Without Due Process of Law. Title 42 U.S.C. 1983, 1985, and 1988 for Malicious Prosecution Assault and Battery Against all named Defendants.

to proceed *in forma pauperis* (Dkt. No. 30).  Briefing has been stayed on the motions to dismiss while the court has the Cabreras' motions under advisement.

A grant of *in forma pauperis* status requires a showing of financial inability to pay the filing fee under 28 U.S.C. § 1915(a)(1).  Inasmuch as the Cabreras paid the filing fee and effected service before filing the IFP motion, the court assumes that the IFP application is intended only to support their motion for appointment of counsel.  Because that motion will be denied, the Cabreras' IFP application will be denied as moot.

Indigent parties in civil actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C. § 1915(e)(1).  But they "have no constitutional or statutory right to be represented by a lawyer." *Merritt* v. *Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983); *accord Zarnes* v. *Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).  The decision to appoint counsel lies within the broad discretion of the court.  *Jackson* v. *County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).  In exercising its discretion, a district court is guided by several factors:  (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised.  *Swofford* v. *Maxwell*, 969 F.2d 547, 551 (7th Cir. 1992) (citing *Merritt* v. *Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)).

The Cabreras submitted their motion for appointment of counsel on a form provided by the District Court.  Item number two on this form says, "In support of my motion, I declare that I have made the following attempts to retain counsel to represent me in this proceeding [NOTE: This item *must* be completed]."  The Cabreras left this item blank.  Therefore, the court must

deny their motion for appointment of counsel without prejudice on this basis alone. Because their financial affidavit indicates the Cabreras would be able to submit a proper motion, however, the court will consider additional factors bearing on the appointment of counsel.

The potential merit of the Cabreras' claims is important because the court should not require an attorney to serve without compensation where a case is doomed to failure. From what the court can tell from the facts set out in both the original and the amended complaints, the Cabreras' claims are frivolous. Among other potential problems with the original complaint, state court judges have absolute immunity from claims arising out of their judicial conduct, *Killinger* v. *Johnson*, 389 F.3d 765, 770 (7th Cir. 2004), and the Cook County Sheriff's Department is not a suable legal entity. *Whiting* v. *Marathon County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). Therefore, the Cabreras' motion to amend and supplement their complaint, which proposes to eliminate those defendants, will be granted.

Many potential problems remain in the amended complaint. For example, the statute of limitations for Section 1983 claims in Illinois is two years, *Jenkins* v. *Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007), and the statute of limitations for malicious prosecution claims against Illinois local government entities is one year. *Williams* v. *Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). If, as it appears, the injury the Cabreras allege is the garnishment of their wages and bank accounts, that injury occurred in 2005, more than two years before this case was filed; the judgment giving rise to the garnishment was entered even earlier. And although the statute of limitations for civil RICO claims is four years, *Limestone Dev. Corp*. v. *Village of Lemont, Ill*., – F.3d –, 2008 WL 852586, at *2 (7th Cir. April 1, 2008), there is no basis in the facts as alleged in either complaint for a RICO claim.

To the extent the Cabreras seek to avoid the effect of the judgment of the state court, they also confront the so-called *Rooker-Feldman* doctrine providing that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Ritter* v. *Ross,* 992 F.2d 750, 753 (7th Cir.1993) (citing *District of Columbia Court of Appeals* v. *Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)). Moreover, "[i]t is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'" *Ritter*, 992 F.2d at 754 (citations omitted). Thus, although it is beyond dispute that service of process is fundamental to the right to due process of law, *see Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950),[2] the allegations of the Cabreras' complaints demonstrate that they were afforded a hearing on the issue of fact whether they had received service of process and the court ruled against them. Their appeal was dismissed; the judgment is final. *See Schmitt* v. *Schmitt*, 324 F.3d 484 (1983) (holding plaintiff's claim seeking to void state court orders based on the allegation that lack of service of process in a state court divorce proceeding violated due process was barred by *Rooker-Feldman* doctrine, affirming sanctions for frivolous filing and awarding sanctions for frivolous appeal).

As to the other factors, it is plain enough that these plaintiffs lack the ability to present the case effectively. The Cabreras' allegations are insufficiently comprehensible to permit the court to fully evaluate their claims and they have failed to comply with the requirement of

---

[2] "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Federal Rule of Civil Procedure 8(a) that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While it is certainly likely that an attorney's guidance in investigating the facts would be useful, and the laws under which the Cabreras purport to state their claims are complex, ultimately, the court finds the allegations so unlikely to have potential to entitle the Cabreras to relief that appointment of counsel is not justified at this time. For these reasons, their motion for appointment of counsel is denied.

The Cabreras, having paid the filing fee, will be given leave to respond to the pending motion to dismiss (Dkt. No. 26), if they wish to do so, by May 17, 2008. Although the other motions to dismiss have been denied as moot, the Cabreras are advised to consult them in order to better evaluate their claims. If the Cabreras do not respond to the motion to dismiss by May 17, 2008, the amended complaint will be dismissed and this case will be terminated. If they do respond and the motion to dismiss is denied, the court will reconsider the issue of appointment of counsel. The Cabreras are advised to contact the Help Desk located in the Office of the Clerk for assistance. The Help Desk is located in Room 2056A; hours are Monday through Friday, morning and early afternoon by appointment only. Appointments can be made at the Clerk's Office Intake Desk on the 20th floor or by calling 312/435-5691.

DATED: April 18, 2008                           ENTER: _____
                                                                            Joan H. Lefkow
                                                                            United States District Judge